ORDERED.

**Dated:  August 26, 2020**

Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**
**www.flmb.uscourts.gov**

In re:

                                                            **Chapter 11**

**GLOBAL ASSET RENTAL, LLC,**                **Case No. 6:20-bk-04126-KSJ**
  **f/k/a GLOBAL KEG RENTAL, LLC**

                  **Debtor.**
_____/

**ORDER (1) APPROVING COMPETITIVE BIDDING PROCEDURES FOR THE SALE**
**OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) SCHEDULING DATES TO**
**CONDUCT AUCTION AND SALE HEARING, (3) APPROVING THE FORM AND**
**MANNER OF NOTICES, (4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF**
**THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,**
**ENCUMBRANCES AND INTERESTS, (5) APPROVING ASSUMPTION AND**
**ASSIGNMENT PROCEDURES, AND (6) GRANTING RELATED RELIEF**

THIS CAUSE came before the Court on August 21, 2020 at 2:00 p.m. in Orlando, Florida

upon the Motion pursuant to 11 U.S.C. §§105, 363 and 365 and Fed. R. Bankr.  P. 2002, 6004 and

9014 and Local Rules 2002-1 and 6004-1 for the entry of an Order (the "Bid Procedures Order")

(1) approving competitive bidding procedures for the sale of substantially all of Debtor's assets, (2) scheduling dates to conduct auction and sale hearing, (3) approving the form and manner of notices, (4) approving the sale of substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances and interests, (5) approving assumption and assignment procedures, and (6) granting related relief (the "Motion") [ECF No. 93][1] filed by GLOBAL ASSET RENTAL, LLC f/k/a GLOBAL KEG RENTAL, LLC (the "Debtor").  Having reviewed the Motion and the record in this case, having considered the statements of counsel for the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), the Agent/Lender and other parties in interest, the Court finds that the competitive bidding and sale procedures attached hereto as **Exhibit 1** (the "Bid Procedures") in connection with the proposed sale of the Debtor's Assets (as defined below) are in the best interests of the Debtor, the Debtor's estate, its creditors, equity holders and other parties in interest.  Accordingly,

THE COURT FINDS AND DETERMINES AS FOLLOWS:

A.     The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014;

B.     The Court has jurisdiction over the Motion and the sale transaction contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409;

---

[1] All capitalized terms used herein and not otherwise defined shall have the meanings ascribed in the Motion.

C.      The statutory bases for the relief requested in the Motion are (i) sections 105, 363 and 365 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and (ii) Bankruptcy Rules 2002(a)(2), 6004 and 9014;

D.      Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances of this case, and no other or further notice is required except as set forth herein with respect to the Sale Hearing (as defined below). A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to creditors, equity holders and other parties in interest;

E.      The Debtor's proposed notice of the Bid Procedures, substantially in the form attached hereto as **Exhibit 2** (the "Sale Notice"), is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of substantially all of the Debtor's assets (the "Assets"), and the Bid Procedures to be employed in connection therewith;

F.      The Debtor's proposed notice to counterparties to the executory contracts and unexpired leases of the Debtor (the "Contracts"), substantially in the form attached hereto as **Exhibit 3** (the "Cure Notice") shall, among other things, (i) identify those executory contracts and/or unexpired leases that may be subject to being assumed and assigned by the Debtor in connection with the proposed sale of the Assets hereunder (the "Potential Assumed and Assigned Contracts"), (ii) specify the Cure Amounts determined by the Debtor as being necessary to assume and assign such Potential Assumed and Assigned Contracts, and (iii) state that failure to timely object to the proposed assumption and assignment and/or the Cure Amount by the Cure Objection Deadline shall constitute deemed consent to such assumption and assignment and Cure Amount.

G.     The Cure Notice is appropriate and reasonably calculated to provide all such counterparties with timely and proper notice under the circumstances of this case of the assumption and assignment of the Contracts to the Successful Bidder as well as any Cure Amounts relating thereto;

H.     The Debtor has articulated good and sufficient reasons for the Court to: (i) approve the Bid Procedures, (ii) approve the manner of notice of the Motion and the Sale Hearing, including the Sale Notice and the Cure Notice, (iii) set the Objection Deadline (as defined below), and (iv) schedule the Sale Hearing.

I.     The entry of this Bid Procedures Order is in the best interests of the Debtor, its estate, its creditors, equity holders and other parties in interest; and

J.     The Bid Procedures are reasonably designed to maximize the value to be achieved for the Assets and to achieve the highest and best bid therefor.

K.     Any creditor holding a valid, perfected and non-avoidable lien and security interest on the Assets or any portion thereof shall have the right, as part of a Qualified Bid, to assert a credit bid for such Assets in accordance with Section 363(k) of the Bankruptcy Code, provided however, except as set forth in paragraph M below, nothing herein shall be determinative of the extent, validity and/or priority of any such lien or security interest (the "Credit Bid").

L.     White Oak Global Advisors, LLC ("White Oak"), in its capacity as administrative agent ("Agent") for the lenders (the "Lenders"; together with Agent, the "Secured Parties") under that certain Loan and Security Agreement dated as of December 22, 2016 (as amended, supplemented or otherwise modified from time to time, the "Prepetition Credit Agreement"), by and among Debtor, Agent and Lenders, shall be deemed a Qualified Bidder.

M.      Subject only to the rights of parties-in-interest (other than the Debtor) to timely file an objection in accordance with applicable law or any other order of this Court, the Debtor stipulates, acknowledges and agrees that: (1) the "Obligations" under and as defined in the Prepetition Credit Agreement (the "Prepetition Obligations") owing to the Secured Parties are legal, valid, and binding obligations of the Debtor and enforceable against the Debtor, (2) the liens and security interests granted on substantially all of the Debtor's assets (including the Assets) (the "Prepetition Collateral") in favor of the Secured Parties to secure payment and performance of the Prepetition Obligations (the "Prepetition Liens") constitute legal, valid, binding, enforceable, and perfected security interests, (3) the Prepetition Obligations (and any portion thereof) and Prepetition Liens are not subject to defense, counterclaim,  and no portion of the Prepetition Obligations is subject to contest, objection, recoupment, defense, counterclaim, cross-claim, offset, avoidance, recharacterization, recovery, attack, effect, rejection, reduction, disallowance, impairment, subordination or other claim, cause of action or challenge of any nature under the Bankruptcy Code, applicable non-bankruptcy law or otherwise, (4) the Prepetition Obligations shall be an allowed claim in an amount not less than $59,363,547.61, and (5) Agent shall have the right to use the Prepetition Obligations or any portion thereof to credit bid with respect to any sale of the Prepetition Collateral (whether under Sections 363 or 1129 of the Bankruptcy Code or otherwise).

IT IS THEREFORE ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Except as otherwise provided in this Bid Procedures Order, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.      The Bid Procedures attached hereto as **Exhibit 1** are hereby incorporated herein and approved in their entirety. The Debtor is authorized to take any and all actions necessary or appropriate to implement and comply with the Bid Procedures.

4.      As further described in the Bid Procedures, the deadline for submitting bids for the proposed purchase of the Assets (the "Bid Deadline") is **September 16, 2020 at 5:00 p.m.** (prevailing Eastern Time). No Bid shall be deemed to be a Qualified Bid or otherwise considered for any purposes unless such Bid meets the requirements of a Qualified Bid as set forth in the Bid Procedures.

5.      If more than one Qualified Bid is timely received by the Debtor in accordance with the Bid Procedures, then the Debtor shall conduct the Auction on **September 18, 2020 at 10:00 a.m.** (prevailing Eastern Time) virtually through an online platform (such as Zoom), or through such other means or such other place and time as the Debtor shall notify all Qualified Bidders, the Consultation Parties (defined below) and other invitees. The Auction shall be conducted in accordance with the Bid Procedures.

6.      The Court shall conduct a hearing on the proposed sale of the Debtor's Assets (the "Sale Hearing") on **September 21, 2020 at 2:00 p.m.** (prevailing Eastern Time); or at such later date and time as counsel and interested parties may be heard by the Court.

7.      Objections, if any, to the relief requested in the Motion in respect of the sale of the Assets, the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 West Washington Street, Suite 5100, Orlando, FL 32801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Eastern time) two business days before the Sale Hearing (the

"Sale Objection Deadline"), and (iv) served upon (a) counsel to the Debtor, Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Tel. (305) 349-2300, Attn: Paul J. Battista, Esq., E-mail at pbattista@gjb-law.com and Heather Harmon, Esq., E-mail at hharmon@gjb-law.com; (b) counsel to the White Oak, Goldberg Kohn, Ltd., 55 East Monroe, Suite 3300, Chicago, Illinois 60603, Tel: (312) 201-3976, Attn: Dimitri G. Karcazes, Esq., E-mail at dimitri.karcazes@goldbergkohn.com, and Baker Hostetler, 200 S. Orange Ave., Suite 2300, Orlando, Florida 32801, Tel: (407) 649-4036, Attn: Elizabeth A. Green, Esq.,, E-mail at egreen@baker.law.com, (c) counsel to the Committee, Shraiberg, Landau, & Page P.A., 2385 N.W. Executive Center Drive, Suite 300, Boca Raton, Florida 33431, Tel: (561) 443-0800, Attn: Bradley S. Shraiberg, Esq., E-mail at bss@slp.com, and (d) the office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Florida 32801, Tel: (407) 648-6301, Attn: Audrey M. Aleskovsky, Esq., E-mail at audrey.m.aleskovsky@usdoj.gov (collectively, the "Notice Parties"), in each case, so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida  time) on the same day.

8.      The failure of any person or entity to file an objection before the Sale Objection Deadline shall be deemed a consent to the sale of the Assets to the Successful Bidder or Back-Up Bidder, as applicable, and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Assets, and the assumption or assumption and assignment of the Potential Assumed and Assigned Contracts.

9.      The Sale Notice is hereby approved as being appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of the Assets, and the Bid Procedures to be employed in connection therewith.

10.     On or before three (3) business days after entry of this Bid Procedures Order, the Debtor will cause the Sale Notice to be sent by first-class mail postage prepaid, to the following: (a) all creditors or their counsel known to the Debtor to assert a lien (including any security interest), claim, right, interest or encumbrance of record against all or any portion of the Assets; (b) the Office of the United States Trustee; (c) all applicable federal, state and local taxing and regulatory authorities of the Debtor or recording offices or any other governmental authorities that, as a result of the sale of the Assets, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Assets or have any known interest in the relief requested by the Motion; (d) the United States Attorney's office for the Middle District of Florida; (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Bid Procedures Order; (f) all parties to any litigation involving the Debtor; (g) all counterparties to any executory contract or unexpired lease of the Debtor; (h) all other known creditors and interest holders of the Debtor; and (i) all potential bidders, previously identified or otherwise known to the Debtor.

11.     The Cure Notice is approved as being appropriate and reasonably calculated to provide all such counterparties with timely and proper notice under the circumstances of this case of the assumption and assignment of the Contracts to the Successful Bidder as well as any Cure Amounts relating thereto.

12.     On or before five (5) business days after the entry of this Bid Procedures Order, the Debtor shall cause the Cure Notice to be served on any and all counterparties to executory contracts and unexpired leases that may be Potential Assumed and Assigned Contracts.

13.     Objections, if any, to the assumption and assignment of any executory contract or unexpired lease identified in the Cure Notice, including, but not limited to, objections relating to

adequate assurance of future performance, conditions to assumption and/or assignment or objections to the Cure Amounts set forth in the Cure Notice, must be (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 West Washington Street, Suite 5100, Orlando, FL 32801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Eastern time), within 14 calendar days of the date on which the Cure Notice is served (not counting the day served) (the "Cure Objection Deadline"),.and (iv) served upon the Notice Parties, in each case, so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida  time) on the same day.

14.    If no timely objection to the assumption and assignment of a particular executory contract or unexpired lease is received, then the Cure Amount set forth in the Cure Notice shall be binding upon the non-debtor party or parties to the Potential Assumed and Assigned Contract for all purposes in this chapter 11 case and otherwise. All such counterparties to the Potential Assumed and Assigned Contracts shall (a) be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts with respect to the Potential Assumed and Assigned Contracts, (b) be deemed to have consented to the assumption and assignment, and (c) be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assumption and/or assignment must be satisfied under such Potential Assumed and Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Potential Assumed and Assigned Contracts.

15.    If a non-debtor counterparty to a Potential Assumed and Assigned Contract files an objection to assumption or assignment, whether based on Cure Amount, adequate assurance

of future performance, or any other alleged cause or claim, then, to the extent the relevant parties are not able to consensually resolve the dispute prior to the Sale Hearing, such dispute shall be heard and resolved at the Sale Hearing or such other date subsequent to the Sale Hearing as set by the Court or agreed by the parties.

16.     Copies of exhibits to the Bid Procedures Motion may be obtained by request in writing via email from counsel to the Debtor: Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Attn:  Paul J. Battista, Esq.; Tel. (305) 349-2300; e-mail at pbattista@gjb-law.com. In addition, copies of the aforementioned may be found on the Pacer website, http://ecf.flmb.uscourts.gov.

17.     The Sale Hearing may be continued, from time to time, without further notice to creditors, equity holders or other parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing or in the hearing agenda for such hearing.

18.     If an Auction is conducted, the Qualified Bidder with the highest and best Qualified Bid as determined by the Debtor in the exercise of its reasonable business judgment in consultation with the Consultation Parties will be designated as the successful bidder (the "Successful Bidder"). In addition, the Qualified Bidder with the next highest and best Qualified Bid after the Successful Bidder, as determined by the Debtor in the exercise of its reasonable business judgment in consultation with the Consultation Parties, will be designated as the back-up bidder (the "Back-Up Bidder").

19.     The Debtor further reserves the right as it may reasonably determine, in good faith, in consultation with the White Oak (to the extent the White Oak does not submit a Qualified Bid) and the Committee (collectively, the "Consultation Parties"), to be in the best interests of its estate, would help achieve the highest and best Qualified Bid for the Assets and are not inconsistent with

the Bankruptcy Code or any order of the Bankruptcy Court, to (i) determine which bidders are Qualified Bidders, (ii) determine which bids are Qualified Bids, (iii) determine which Qualified Bid is the Successful Bid and Back-Up Bid as applicable, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the Bid Procedures or the Bankruptcy Code, or (c) contrary to the best interests of the Debtor or the estate, (v) waive any of the terms or conditions contained herein with respect to any or all of the potential bidders, impose additional terms and conditions with respect to all potential bidders, (vi) extend the deadlines set forth herein, (vii) continue or cancel the Auction or the Sale Hearing in open court without further notice, and (viii) modify the Bid Procedures as it may determine to be in the best interest of the estate prior to the Bid Deadline; provided, however that each of the Consultation Parties reserve the right to object to any of the foregoing.

20.    The Debtor reserves the right to enter into an agreement for an initial stalking horse bid for the Assets in advance of the Bid Deadline, which stalking horse bid will be subject to higher and better bids at the Auction (the "Stalking Horse Agreement"). In the event the Debtor enters into such Stalking Horse Agreement, then the Debtor may file a motion with the Court to approve such Stalking Horse Agreement and any natters related thereto, and the Court shall conduct a hearing thereon on an expedited basis.

21.    The stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Bid Procedures Order shall be effective immediately upon its entry.

22.    All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bid Procedures Order in accordance with the Motion.

24.     The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order.

### 

Attorney Battista is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order

**<u>EXHIBIT 1 to the Bid Procedures Order</u>**

**<u>(Bid Procedures)</u>**

## BID PROCEDURES

Set forth below are the competitive bidding and sale procedures (the "***Bid Procedures***") to be employed by Global Asset Rental, LLC f/k/a Global Keg Rental, LLC (the "Debtor") in connection with a sale, free and clear of liens, claims, encumbrances and interests, of substantially all of the Debtor's assets (collectively, the "***Assets***").  The Bid Procedures also establish the procedures for the assumption  and assignment of executory contracts and unexpired leases with the Debtor, including without limitation, the Cure Amounts (as defined below) in connection therewith.

All capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Bid Procedures Order.

## Qualified Bids and the Auction Qualification Process

To be eligible to participate in the Auction (defined below), each offer, solicitation or proposal (each, a "***Bid***"), and each party submitting such a Bid (each, a "***Bidder***"), must be reasonably determined in good faith by the Debtor in consultation with the Consultation Parties to satisfy each of the following conditions:

**Qualified Bid/Participation Requirements**:  In order to be considered a Qualified Bid, a bid must comply with the following requirements and be submitted no later than **5:00 p.m. prevailing Orlando, Florida time on September 16, 2020**, which is five (5) days prior to the scheduled auction of the Assets as outlined below (the "***Bid Deadline***"), to (i) the Debtor, c/o Soneet R. Kapila, chief restructuring officer, KapilaMukamal, 1000 South Federal Highway, Suite 200, Ft. Lauderdale, Florida 33316, E-mail: skapila@kapilamukamal.com, and (ii) counsel to the Debtor, Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Attn:  Paul J. Battista, Esq., E-mail at pbattista@gjb-law.com and Heather Harmon, Esq., E-mail at hharmon@gjb-law.com.

- **Good Faith Deposit**: Each Bid must be accompanied by a deposit in the amount of ten (10%) percent of the purchase price for the Assets proposed by such Bidder into the trust account of Genovese Joblove & Battista, P.A. pursuant to wire transfer instructions to be provided upon request.  The deposit requirement will not apply to any Bidder proposing to provide a Credit Bid for the entirety of its proposed purchase price unless, in accordance with Section 363(k) of the Bankruptcy Code, the Bankruptcy Court for cause orders otherwise, provided however, that the deposit requirement will apply to any cash component of a purchase price if combined with a Credit Bid.

- **Form of Bid**:  Each Bid must include (i) a fully executed asset purchase agreement substantially in the form to be provided by counsel to the Debtor (Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Attn:  Paul J. Battista, Esq., E-mail at pbattista@gjb-law.com and Heather Harmon, Esq., E-mail at hharmon@gjb-law.com) (the "***APA***") to each Bidder who proposes to make a Qualified Bid, which APA shall specifically identify, among other things, each the Assets proposed to be purchased and the executory contracts and/or unexpired leases (the "***Potential***

*Assumed and Assigned Contracts*") proposed to be assumed and assigned by the Debtor (the effectiveness of such APA being contingent only upon the Qualified Bidder becoming the Successful Bidder for the Assets pursuant to these Bid Procedures and the entry of the Sale Order (as defined below) by the Bankruptcy Court), and (ii) a blacklined version of the APA to show any changes made by such bidder to such form.

- **No Break-Up or Similar Fee**: Each Bid does not request or seek any break-up fee, topping fee, expense reimbursement or similar type of payment (and by submitting a Qualified Bid, a Qualified Bidder shall be deemed to have waived its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code in any way related to the submission of its Bid or these Bid Procedures).

- **Corporate Authority**: Each Bid must include written evidence acceptable to the Debtor in its sole discretion demonstrating the appropriate corporate authorization of the proposed bidder to consummate the purchase of the Assets. The corporate authority requirement will not apply to any bidder proposing to provide a Credit Bid for the entirety of its proposed purchase price unless, in accordance with Section 363(k) of the Bankruptcy Code, the Bankruptcy Court for cause orders otherwise, provided however, that the corporate authority requirement will apply in the event there is a cash component of a purchase price if combined with a Credit Bid.

- **Identification of Bidder and Bidder's Good Faith**: Each Bid must include an affidavit under penalty of perjury from a corporate officer of the proposed bidder identifying (i) the corporate structure of the proposed bidder, (ii) the identity of the officers, directors, managers, members and equity holders of the proposed bidder, (iii) disclosing any relationship between any of such parties and the Debtor or any or the Debtor's direct or indirect owners, and (iv) disclosing any relationship between any of such parties and any other interested bidder and its principals. If so requested, the Debtor agrees to keep such information confidential unless such bidder becomes a Successful Bidder or a Back Up Bidder. The affidavit requirement will not apply to any bidder proposing to provide a Credit Bid for the entirety of its proposed purchase price unless, in accordance with Section 363(k) of the Bankruptcy Code, the Bankruptcy Court for cause orders otherwise, provided however, that the affidavit requirement will apply in the event there is a cash component of a purchase price if combined with a Credit Bid.

- **Proof of Financial Wherewithal**: Each Bid must include written evidence which in the sole and absolute discretion of the Debtor establishes that the Bidder has the financial ability to consummate the purchase of the Assets should such Bidder submit the highest and best bid. The Bidder's financial ability to consummate the transaction shall include evidence related to the initial purchase price as well as any increased purchase price that such Bidder submits in connection with the Auction. If so requested, the Debtor agrees to keep such information confidential, provided however that in the event of a dispute related to such financial wherewithal, the Debtor reserves the right to disclose such financial wherewithal to the Bankruptcy Court in connection with any such dispute. The foregoing requirements regarding proof of financial wherewithal will not apply to any bidder proposing to provide a Credit Bid for the entirety of its proposed purchase price unless, in

accordance with Section 363(k) of the Bankruptcy Code, the Bankruptcy Court for cause orders otherwise, provided however, that the financial wherewithal requirement will apply in the event there is a cash component of a purchase price if combined with a Credit Bid.

- **No Conditions or Contingencies**: A Bid may not contain any financing contingencies, due diligence contingencies or conditions, be subject to any internal corporate or other approvals, or be subject to any other conditions or contingencies to the consummation of the transaction for the purchase of the Assets other than being selected as the Successful Bidder (or Back-Up Bidder)(each as defined below) and the entry of the Sale Order.

- **Irrevocable**: A Bid must be irrevocable through the completion of the Auction, provided that if such Bid is accepted as the Successful Bid or, if applicable, a Back Up Bid (as defined below) at the Auction, then each such Bid shall remain irrevocable as set forth below.

- **Notification of Qualified Bid**: The Debtor shall use its best efforts to review all Bids submitted by the Bid Deadline and prior to 12:00 noon, prevailing Orlando, Florida time on **September 17, 2020**, notify each Bidder whether their Bid constitutes a Qualified Bid for purposes of the Auction. If the Debtor concludes (in consultation with the Consultation Parties) that a Bid submitted does not constitute a Qualified Bid, the Debtor will identify the deficiencies in such Bid and provide such Bidder an opportunity to correct such deficiencies. Only Bidders who submit Qualified Bids, and their authorized representative(s), will be allowed to attend and participate in the Auction. A Bidder who submits a Qualified Bid shall be referred to as a Qualified Bidder. White Oak and the Official Committee of Unsecured Creditors will be permitted to attend the Auction and shall be provided with copies of the Bid packages received by the Debtor, provided that, if White Oak submits a Bid, then White Oak will not receive copies of the Bid packages with the exception of whatever materials the Debtor elects to provide to all Qualified Bidders in connection with the Auction.

- **Auction**: In the event the Debtor receives more than one timely Qualified Bid by the Bid Deadline, then the Debtor will conduct an auction (the "*Auction*"). The Auction shall take place on **September 18, 2020 at 10:00 a.m.** (prevailing Eastern Time) virtually through an online platform (such as Zoom), or through such other means or such other place and time as the Debtor shall notify all Qualified Bidders, the Consultation Parties and other invitees. In the event the Debtor receives only one Qualified Bid by the Bid Deadline, then the Debtor will cancel the Auction and will advance such Qualified Bid to the Bankruptcy Court for approval at the Sale Hearing.

- **Auction Procedures**: The Debtor and its professionals shall direct and preside over the Auction. At the commencement of the Auction, the Debtor will identify (in the exercise of its reasonable business judgment and in consultation with the Consultation Parties) the Qualified Bid which is the highest and best bid received prior to the Bid Deadline and such Qualified Bid shall serve as the opening bid. All Qualified Bidders shall be entitled to make any subsequent bids in increments of at least $100,000 (a "*Subsequent Bid*"). Bidding at the Auction shall continue until such time as the highest and best offer from a

Qualified Bidder is received for the Assets as determined by the Debtor in the exercise of its reasonable business judgment and in consultation with the Consultation Parties (the "*Successful Bid*").  The Qualified Bidder who submits the Successful Bid at the Auction shall be required to keep such Successful Bid open and irrevocable through the Sale Hearing and, if approved, thought the Closing (as defined below).  The Debtor reserves the right to modify the bidding increments or announce at the Auction additional procedural rules for conducting the Auction in its reasonable business judgment (in consultation with the Consultation Parties) if the Debtor believes that such modification or additional rules would help achieve the highest and best bid for the Assets and are not inconsistent with the Bankruptcy Code or any order of the Bankruptcy Court; provided that each of the Consultation Parties reserve the right to object thereto.

- **Back Up Bids**:  The Qualified Bidder who submits the next highest and otherwise best Qualified Bid at the Auction as determined by the Debtor in its reasonable discretion and in consultation with the Consultation Parties, will be designated as a back-up bidder (the "*Back-Up Bidder*").  The Qualified Bid submitted by the Back-Up Bidder shall be the "Back-Up Bid."  The Back-Up Bidder shall be required to keep its Qualified Bid and any increased bid at the Auction open and irrevocable until the earlier of (i) forty-five (45) days after the entry of the Sale Order, or (ii) the date of the closing of the transaction with the Successful Bidder.

- **Successful Bid**:   After the conclusion of the Auction, the Debtor shall submit the Successful Bid for approval by the Bankruptcy Court at a hearing to be held by at the United States Bankruptcy Court, 400 W. Washington St., Courtroom A (6th Floor), Orlando, FL 32801 on **September 21, 2020 at 2:00 p.m.** (the "*Sale Hearing*").  The Qualified Bidder who has the Successful Bid presented for approval to the Court shall be referred to as the "Successful Bidder."  The closing of the transaction (the "*Closing*") shall take place promptly after entry of the Sale Order, but in no event later than five (5) business days thereafter (the "*Closing Date*") provided that the Sale Order waives the 14-day stay pursuant to Fed. R. Bankr. P. 6004(h), provided further that in the event the 14-day stay is not waived, then the Closing Date shall be on the first business day after the expiration of such 14-day stay.

- **Closing of Successful Bid**:  The Successful Bidder must be prepared to, and must in fact, consummate the purchase of the Assets in accordance with the APA.  Upon the failure of the Successful Bidder to consummate the Closing of the purchase of the Assets because of a breach or failure on the part of the Successful Bidder prior to the Closing Date, then the Debtor may elect in its business judgment (in consultation with the Consultation Parties) to close with the Back-Up Bidder.  At the Sale Hearing, the Debtor intends to seek approval from the Bankruptcy Court for the Back-Up Bid, which approval shall authorize the Debtor to consummate the Back-Up Bid immediately after the failure the Successful Bidder to close or a default under the Successful Bid without further order of the Bankruptcy Court.  Promptly following the conclusion of the Sale Hearing, the Debtor shall return the deposits to each unsuccessful Qualified Bidder (except the Back-Up Bidder whose deposit shall either be returned upon the closing of the sale to the Successful Bidder or applied to the purchase price in a closing with such Back-Up Bidder).  Nothing in these Bid Procedures

or the Bid Procedures Order is deemed to be a consent to a sale of the Assets by any party asserting a lien on such Assets (or any portion of such Assets).

- **<u>As is/where is</u>**:  The Assets will be sold in its "as is", "where is" condition and with all faults, with no guarantees or warranties, express or implied.  The Assets will be sold free and clear of any and all liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code with all such liens, claims, encumbrances and interests to attaching to the proceeds of the sale.

- **<u>Broker's Commissions</u>**:  The Debtor's bankruptcy estate shall not be liable for any broker's commissions.

**EXHIBIT 2 to the Bid Procedures Order**

**(Sale Notice)**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**
**www.flmb.uscourts.gov**

In re:

                                           Chapter 11

**GLOBAL ASSET RENTAL, LLC,**                      **Case No. 6:20-bk-04126-KSJ**
  **f/k/a GLOBAL KEG RENTAL, LLC**

            Debtor.
_____/

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE OF THE FOLLOWING:

       1.      On August 19, 2020, Global Asset Rental, LLC f/k/a Global Keg Rental, LLC (the "***Debtor***"), filed a Motion for entry of an order (the "***Bid Procedures Order***"), among other things, (a) approving certain competitive bidding and sale procedures (the "***Bid Procedures***") for the sale of substantially all of the Debtor's assets (the "***Assets***"); (b) approving the form and manner of notice of the auction of the Assets and the Sale Hearing; and (c) scheduling a sale hearing (the "***Sale Hearing***") to consider the sale of the Assets, (d) setting objection and bidding deadlines with respect to the sale of the Assets and (e) establishing procedures for the assumption and assignment of executory contracts and unexpired leases with the Debtor.  The Motion additionally requests entry of an order (the "***Sale Order***") approving (i) the sale of the Assets free and clear of liens, claims, encumbrances and interests, except as set forth in the Bid Procedures Order; (ii) the assumption and assignment of executory contracts and unexpired leases with the Debtor, and (iii) certain related relief.

       2.      On August ___, 2020, the United States Bankruptcy Court for the Middle District of Florida entered the Bid Procedures Order [ECF No. ____]. Pursuant to the Bid Procedures Order, the Auction for the Assets shall take place on **September 18, 2020 at 10:00 a.m.** (prevailing Eastern Time) virtually through an online platform (such as Zoom), or through such other means or such other place and time as the Debtor shall notify all Qualified Bidders, the Consultation Parties and other invitees.  Only parties that have submitted a Qualified Bid in accordance with the Bid Procedures, by no later than **September 16, 2020 at 5:00 p.m.** (Eastern Time) (the "***Bid Deadline***") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Assets must submit its bid prior to the Bid Deadline and in accordance with the Bid Procedures. Parties interested in receiving information regarding the sale of the Assets should contact undersigned counsel.

       3.      The Sale Hearing to consider approval of the sale of the Assets and the assumption and assignment of the Potential Assumed and Assigned Contracts to the Successful Bidder free

and clear of all liens, claims, encumbrances and interests will be held before the Honorable Karen S. Jennemann, United States Bankruptcy Court, 400 W. Washington St., Courtroom A (6th Floor), Orlando, FL 32801 on **September 21, 2020 at 2:00 p.m.** (prevailing Eastern Time), or at such earlier date as counsel may be heard.  The Sale Hearing may be continued from time to time without further notice to creditors or parties in interest other than by announcement of the continuance in open court on the date scheduled for the Sale Hearing (or in agenda).

4.     Objections, if any, to the relief requested in the Motion in respect of the sale of the Assets, the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 West Washington Street, Suite 5100, Orlando, FL 32801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Eastern time) two business days before the Sale Hearing (the "***Sale Objection Deadline***"), and (iv) served upon (a) counsel to the Debtor, Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Tel. (305) 349-2300, Attn: Paul J. Battista, Esq., E-mail at pbattista@gjb-law.com and Heather Harmon, Esq., E-mail at hharmon@gjb-law.com; (b) counsel to the White Oak, Goldberg Kohn, Ltd., 55 East Monroe, Suite 3300, Chicago, Illinois 60603, Tel: (312) 201-3976, Attn: Dimitri G. Karcazes, Esq., E-mail at dimitri.karcazes@goldbergkohn.com, and Baker Hostetler, 200 S. Orange Ave., Suite 2300, Orlando, Florida 32801, Tel: (407) 649-4036, Attn: Elizabeth A. Green, Esq.,, E-mail at egreen@baker.law.com, (c) counsel to the Committee, Shraiberg, Landau, & Page P.A., 2385 N.W. Executive Center Drive, Suite 300, Boca Raton, Florida 33431, Tel: (561) 443-0800, Attn: Bradley S. Shraiberg, Esq., E-mail at bss@slp.com, and (d) the office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Florida 32801, Tel: (407) 648-6301, Attn: Audrey M. Aleskovsky, Esq., E-mail at audrey.m.aleskovsky@usdoj.gov (collectively, the "Notice Parties"), in each case, so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida  time) on the same day.

5.     The failure of any person or entity to file an objection before the Sale Objection Deadline shall be deemed a consent to the sale of the Assets to the Successful Bidder or Back-Up Bidder, as applicable, and the other relief requested in the Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Auction, the sale of the Assets, and the assumption or assumption and assignment of the Potential Assumed and Assigned Contracts.

6.     This Notice and the Sale Hearing are subject to the fuller terms and conditions of the Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict and the Debtor encourages parties in interest to review such documents in their entirety. Copies of the Motion, the Bid Procedures, and/or the Bid Procedures Order may be obtained by request in writing, by telephone, or via email from counsel to the Debtor: Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Attn:  Paul J. Battista, Esq.; Tel. (305) 349-2300; e-mail at pbattista@gjb-law.com.  In addition, copies of the aforementioned pleadings may be found on the Pacer website, http://ecf.flmb.uscourts.gov.

Respectfully submitted on August ___, 2020.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtor-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: _____/s/_____ *Paul J. Battista*_____
        Paul J. Battista, Esq.
        Florida Bar No. 884162
        pbattista@gjb-law.com
        Heather L. Harmon, Esq.
        Florida Bar No. 013192
        hharmon@gjb-law.com

**EXHIBIT 3 to the Bid Procedures Order**

**(Cure Notice)**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**
**www.flmb.uscourts.gov**

In re:

                                                                    Chapter 11

**GLOBAL ASSET RENTAL, LLC,**                    Case No. 6:20-bk-04126-KSJ
   f/k/a GLOBAL KEG RENTAL, LLC

      Debtor.
_____/

**NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN**
**CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**
**AND SETTING FORTH THE CURE AMOUNTS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

     1.    On August 19, 2020, Global Asset Rental, LLC f/k/a Global Keg Rental, LLC (the "***Debtor***"), filed a Motion for entry of an order (the "***Bid Procedures Order***"), among other things, (a) approving certain competitive bidding and sale procedures (the "***Bid Procedures***") for the sale of substantially all of the Debtor's assets (the "***Assets***"); (b) approving the form and manner of notice of the auction of the Assets and the Sale Hearing; and (c) scheduling a sale hearing (the "***Sale Hearing***") to consider the sale of the Assets, (d) setting objection and bidding deadlines with respect to the sale of the Assets and (e) establishing procedures for the assumption and assignment of executory contracts and unexpired leases with the Debtor. The Motion additionally requests entry of an order (the "***Sale Order***") approving (i) the sale of the Assets free and clear of liens, claims, encumbrances and interests, except as set forth in the Bid Procedures Order; (ii) the assumption and assignment of executory contracts and unexpired leases with the Debtor, and (iii) certain related relief.

     2.    On August ___, 2020, the United States Bankruptcy Court for the Middle District of Florida entered the Bid Procedures Order [ECF No. _____]. Pursuant to the Bid Procedures Order, the Auction for the Assets shall take place on **September 18, 2020 at 10:00 a.m.** (prevailing Eastern Time) virtually through an online platform (such as Zoom), or through such other means or such other place and time as the Debtor shall notify all Qualified Bidders, the Consultation Parties and other invitees.  Only parties that have submitted a Qualified Bid in accordance with the Bid Procedures, by no later than **September 16, 2020 at 5:00 p.m.** (Eastern Time) (the "***Bid Deadline***") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Assets must submit its bid prior to the Bid Deadline and in accordance with the Bid Procedures. Parties interested in receiving information regarding the sale of the Assets should contact undersigned counsel.

3.      The Sale Hearing to consider approval of the sale of the Assets and the assumption and assignment of the Potential Assumed and Assigned Contracts to the Successful Bidder free and clear of all liens, claims, encumbrances and interests will be held before the Honorable Karen S. Jennemann, United States Bankruptcy Court, 400 W. Washington St., Courtroom A (6th Floor), Orlando, FL 32801 on **September 21, 2020 at 2:00 p.m.** (prevailing Eastern Time), or at such earlier date as counsel may be heard. The Sale Hearing may be continued from time to time without further notice to creditors or parties in interest other than by announcement of the continuance in open court on the date scheduled for the Sale Hearing (or in agenda).

4.      The Debtor is a party to various executory contracts and unexpired leases (collectively, the "Contracts") and, pursuant to the Bid Procedures Order, the Debtor may assume or assume and assign certain of such Contracts to the Successful Bidder or Back-Up Bidder, as applicable (collectively, the "Potential Assumed and Assigned Contracts").

5.      You have been identified as a counterparty to a Potential Assumed and Assigned Contract. The Potential Assumed and Assigned Contract with respect to which you have been identified as a counterparty, and the corresponding proposed cure amount (the "Cure Amount") are set forth on **Schedule 1** annexed hereto.

6.      The Debtor believes that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Potential Assumed and Assigned Contracts can be cured by the payment of the Cure Amount.

7.      The assumption and assignment of any Potential Assumed and Assigned Contract shall result in the full release and satisfaction of any claims or defaults relating to the Potential Assumed and Assigned Contract, whether monetary or non-monetary.

8.      Objections, if any, to the assumption and assignment of any executory contract or unexpired lease identified in the Cure Notice, including, but not limited to, objections relating to adequate assurance of future performance, conditions to assumption and/or assignment or objections to the Cure Amounts set forth in the Cure Notice, must be (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 West Washington Street, Suite 5100, Orlando, FL 32801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Eastern time), within 14 calendar days of the date on which this Cure Notice is served (not counting the day served) (the "*Cure Objection Deadline*"), and (iv) served upon (a) counsel to the Debtor, Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, Florida 33131, Tel. (305) 349-2300, Attn:  Paul J. Battista, Esq., E-mail at pbattista@gjb-law.com and Heather Harmon, Esq., E-mail at hharmon@gjb-law.com; (b) counsel to the White Oak, Goldberg Kohn, Ltd., 55 East Monroe, Suite 3300, Chicago, Illinois 60603, Tel: (312) 201-3976, Attn: Dimitri G. Karcazes, Esq., E-mail at dimitri.karcazes@goldbergkohn.com, and Baker Hostetler, 200 S. Orange Ave., Suite 2300, Orlando, Florida 32801, Tel: (407) 649-4036, Attn: Elizabeth A. Green, Esq.,, E-mail at egreen@baker.law.com, (c) counsel to the Committee, Shraiberg, Landau, & Page P.A., 2385 N.W. Executive Center Drive, Suite 300, Boca Raton, Florida 33431, Tel: (561) 443-0800, Attn:  Bradley S. Shraiberg, Esq., E-mail at bss@slp.com, and (d) the office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100,

Orlando, Florida 32801, Tel: (407) 648-6301, Attn: Audrey M. Aleskovsky, Esq., E-mail at audrey.m.aleskovsky@usdoj.gov (collectively, the "Notice Parties"), in each case, so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida  time) on the same day.

9.    Any counterparty to a Potential Assumed and Assigned Contract that fails to timely file an objection to a Cure Amount or the proposed assumption and assignment of a Potential Assumed and Assigned Contract shall be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts against the Debtor, the Debtor's estate or the Successful Bidder or Back-Up Bidder, as applicable, with respect to its Contract, and will be deemed to have consented to the sale of the Assets and the assumption and assignment of its Contract in connection therewith.  In addition, all such counterparties to the Potential Assumed and Assigned Contracts shall be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assumption and/or assignment must be satisfied under such Potential Assumed and Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Potential Assumed and Assigned Contracts.

10.    Where a counterparty to a Potential Assumed and Assigned Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under Bankruptcy Code section 365 with respect to such objection will be determined at the Sale Hearing or such other date and time as may be fixed by the Bankruptcy Court. All other objections to the proposed assumption or assumption and assignment of the Potential Assumed and Assigned Contracts will be heard at the Sale Hearing.

11.    If no Cure Amount is due under the Potential Assumed and Assigned Contract, or the counterparty to such agreement does not otherwise object to the assumption and assignment of such agreement, no further action needs to be taken on the part of that counterparty.

12.    The Debtor's decision to assume and assign the Potential Assumed and Assigned Contracts is subject to Bankruptcy Court approval and consummation of the Sale. Absent consummation of the Sale, each Potential Assumed and Assigned Contract shall not be deemed assumed and assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as a Potential Assumed and Assigned Contract shall not constitute or be deemed to be a determination or admission by the Debtor or the Proposed Purchaser that such document is, in fact, an executory Contract or unexpired Lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

13.    The Debtor or the Successful Bidder (or Back-Up Bidder, as applicable) reserves the right to remove any Potential Assumed and Assigned Contract set forth on **Schedule 1** hereto at any time and for any reason prior to the Sale Hearing by filing a Supplemental Cure Notice.  To the extent any Potential Assumed and Assigned Contract is removed from **Schedule 1** hereto, the Debtor shall have no obligation to assume or assume and assign that Contract.

Respectfully submitted on August ___, 2020.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtor-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: ___/s/___*Paul J. Battista*_____
       Paul J. Battista, Esq.
       Florida Bar No. 884162
       pbattista@gjb-law.com
       Heather L. Harmon, Esq.
       Florida Bar No. 013192
       hharmon@gjb-law.com

**<u>Schedule 1</u>**