## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

GLOBAL ASSET RENTAL, LLC                    Case No. 6:20-bk-04126-KSJ
f/k/a GLOBAL KEG RENTAL, LLC,
                                            Chapter 11

                    Debtor.

_____/

## BLEFA GMBH AND BLEFA KEGS, INC.'S
## (I) MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO
## TAKE IMMEDIATE POSSESSION OF CERTAIN ASSETS
## AND (II) REQUEST FOR EXPEDITED CONSIDERATION

Blefa GmbH and Blefa Kegs, Inc. (collectively, "Blefa"), through their undersigned

counsel, file this emergency motion for relief from the automatic stay (the "Motion"), pursuant to

section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") rule 4001 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), and rules 4001-1 and 9013-1 of

the Local Rules of the United States Bankruptcy Court for the Middle District of Florida, to

permit Blefa to take possession of certain assets to which Blefa is the legal owner, which are

currently being held by Global Asset Rental, LLC (the "Debtor") or parties under their control.

In support of this Motion, Blefa respectfully states the following:

### PRELIMINARY STATEMENT

Between March 2017 and August 2019, Blefa and the Debtor entered into a series of

agreements (the "Agreements"),[1] pursuant to which Blefa sold approximately 370,000 kegs to

the Debtor for use in the Debtor's pooling operations.  As a condition to providing the kegs, the

---

[1] The specific dates of each of the keg orders are as follows: March 31, 2017, June 22, 2017, August 14, 2017, October 16, 2017, November 8, 2017, January 30, 2018, February 28, 2018, March 7, 2018, March 9, 2018, April 24, 2018, April 25, 2018, May 4, 2018, May 14, 2018, May 29, 2018, August 29, 2018, September 3, 2018, September 24, 2018, October 5, 2018, October 16, 2018, October 17, 2018, October 23, 2018, October 29, 2018, November 26, 2018, December 11, 2018, March 26, 2019, March 27, 2019, June 13, 2019, June 18, 2019, June 26,

parties agreed to a choice-of-law provision that states that German law applies to all matters arising under the Agreements.  Additionally, pursuant to the Agreements, it is indisputable that the parties agreed that title to the kegs would remain with Blefa until such time as each keg is paid in full.  Under German law, governing sales of personalty, the retention of title is authorized until all payments are timely made.  Upon information and belief, White Oak Global Advisors, LLC ("White Oak"), the Debtor's secured lender with liens encumbering substantially all of the Debtor's assets, was made aware of the foregoing terms and conditions of the Agreements.  More importantly, White Oak did not raise any objection thereto.  In the event White Oak was not in fact aware of the foregoing terms and conditions, the Debtor seriously misled White Oak insofar as Blefa was not required under German law, nor was it going to, file financing statements reflecting its interest in the kegs it sold to the Debtor.

As of the date hereof, there are approximately 113,000 kegs (the "Kegs") in various locations around the world that are still titled to Blefa but, are in the Debtor's possession or being held at the direction of the Debtor.  Accordingly, pursuant to the Agreements and applicable German law, the Kegs remain Blefa's property.  Accordingly, Blefa retains the authority to recover the Kegs from the Debtor.  In of an abundance of caution, however, Blefa seeks relief from the automatic stay from this Court to recover the Kegs.

As set forth herein, cause exists for this Court to grant Blefa relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code.  Blefa has retained title to the Kegs and its interests therein as the owner of the Kegs under German law are not adequately protected.  Blefa's Kegs are currently stored in warehouses at the direction of the Debtor or are being used by the Debtor in its global operations.  As of the date of this Motion, Blefa is aware of the location of the majority of its Kegs.  That may change since the Kegs remain in the Debtor's

2019, July 12, 2019, July 18, 2019, and August 14, 2019 (collectively, the "Order Dates").

possession.  Blefa is concerned that the Debtor may transport the Kegs throughout the world, which will inevitably result in the diminishment of the Kegs' value through wear and tear, loss, or damage.  Even more troubling is the fact that Blefa does not know where in the world the Debtor may transport its Kegs.  Moreover, cause exists for this Court to grant Blefa relief from the automatic stay pursuant to section 362(d)(2) of the Bankruptcy Code insofar as Blefa has no equity in the Kegs.

## BACKGROUND

### A.  The Debtor

1.  The Debtor considers itself one of the largest keg rental companies in the world as it provides kegs to customers in over thirty (30) countries, across five (5) continents.  The Debtor was founded in 2013 to facilitate the global shipment of stainless steel beer kegs with on-demand rental, and to track and trace its kegs with special data technology, designed to reduce the loss or theft of the kegs.  When not in use, the kegs are stored in warehouses in various locations around the world.   At any given time, however, the kegs may be shipped to various locations around the world pursuant to contracts with the Debtor's vendors.

### B.  Relationship Between the Parties

2.  Pursuant to the respective order confirmations (each an "Order Confirmation"),[2] on each of the Order Dates, the Debtor agreed to Blefa's General Terms and Conditions of Sale (the "Terms and Conditions"),[3] which contain the following choice-of-law provision:

**XIV. Applicable law, place of performance and jurisdiction**

40. The laws of the Federal Republic of Germany shall apply with the exclusion of the UN Convention of contracts for the International Sale of Goods (CISG).

41. The place of performance for all claims arising out of contracts

---

[2] A true and correct copy of a sample Order Confirmation is attached hereto as **Exhibit A**.
[3] A true and correct copy of the Terms and Conditions are attached hereto as **Exhibit B**.

concluded with BLEFA shall be the registered office of BLEFA. Exclusive jurisdiction over all disputes arising directly or indirectly out of or in relation to the business relationship shall be at Siegen, Germany. BLEFA shall however be entitled to initiate action before any other competent court.

3.      The Terms and Conditions also include the following provision, which retains title to the kegs with Blefa (the "Reservation of Title") until such time as the kegs are paid in full.

### IV. Reservation of title

8. The goods delivered shall remain the property of BLEFA until compliance in full with all claims under the business relationship with the Customer. No pledges or assignments as security by the Customer are permitted and the Customer shall inform BLEFA promptly in writing in the event of any third party intervention with respect to the goods. The Customer shall be obliged to treat BLEFA's reserved goods with care, to insure them sufficiently against damage or destruction, to mark them as the property of BLEFA and to store them separately so as to enable them to be separated at any time. The Customer hereby assigns to BLEFA any claims vested in it against insurers following an occurrence of loss or damage, insofar as they relate to the property of BLEFA. The Customer shall be entitled to sell the goods in the ordinary course of business in the event that payment has been made in full to BLEFA or if it has expressly informed the buyer of the goods in writing of the fact that BLEFA has retained title over the goods in question. The Customer hereby assigns to BLEFA in full as collateral the claims relating to the goods that arise out of the resale or on any other legal basis (insurance, tort, accession to a land). If insolvency proceedings are brought against the Customer, it shall not be entitled to sell on or to surrender possession of the goods that are still owned by BLEFA until it has settled in full all amounts owed by it to BLEFA. In the event of a breach of contract, including in particular payment default notwithstanding a reminder, if so requested by BLEFA the Customer shall be obliged to return the goods DDP (Incoterms 2010) to the facility of BLEFA (including unloading at the risk and cost of the Customer).

9. In the event that the law of the country in which the goods are located does not permit the retention of title provided for or only permits it in limited form, BLEFA may secure other rights over the goods. The Customer shall be obliged to cooperate in all necessary action (e.g. registration) in order to give effect to the retention of

title or the rights established in place thereof and in order to protect these rights.

4.     Moreover, Blefa, upon delivering its kegs to the Debtor, provided the Debtor with corresponding invoices (each an "<u>Invoice</u>")[4] for the kegs.  Each Invoice expressly states, "[w]e are invoicing according to our General Terms and Conditions of Sale."  The Invoice further provides the Debtor with a link to the Terms and Conditions.

5.     In addition to requiring its customers to consent to the Terms and Conditions upon the sale of its kegs, Blefa reiterates to its clients that all past, current, and future sales of its kegs are governed by the Terms and Conditions, particularity when additional kegs are purchased.

6.     In December 2018, the Debtor defaulted on its obligations to Blefa.  At that time, the Debtor owed Blefa approximately $5 million.  Blefa and the Debtor immediately began negotiating a settlement regarding the outstanding obligations.  Blefa and the Debtor eventually negotiated a payment plan and a return of certain of Blefa's kegs as partial payment of the indebtedness.  Additionally, Blefa required the Debtor to reaffirm the Terms and Conditions.  Accordingly, on January 14, 2019, Blefa sent a letter to the Debtor reaffirming the Terms and Conditions.  Following subsequent e-mail correspondence between the parties, on February 26, 2019, the Debtor reaffirmed that the Terms and Conditions apply to "both past and new purchases of kegs by [the Debtor]."  The Debtor further confirmed the acknowledgement stating, "[c]onfirmed on all counts."

7.     Upon information and belief, White Oak knew or should have known of the choice-of-law provision and Reservation of Title, neither of which were objected to by White Oak.  Similarly, White Oak should also have been aware of the prohibition imposed by Blefa

---

[4] A true and correct copy of a sample Invoice is attached hereto as **<u>Exhibit C</u>**.

upon the Debtor's ability to encumber or pledge the kegs as collateral to a third-party.

8.      In total, Blefa provided approximately 370,000 kegs to the Debtor.  The Debtor subsequently paid for approximately 250,000 kegs.  Title to those kegs was transferred to the Debtor.  As of the date of this Motion, however, the title to the remaining 113,000 Kegs remains with Blefa.

9.      Upon information and belief, 105,000 of the Kegs are being stored by the Debtor in various warehouses throughout Europe and the remaining 8,000 Kegs are being storedin its warehouses in the Debtor's warehouses in the United States.

**C.      The Bankruptcy Case**

10.     Pursuant to the *Declaration of Soneet R. Kapila, Chief Restructuring Officer, in Support of Debtor's Petition and First Day Pleadings* [Docket No. 34] (the "First Day Declaration"), the Debtor has suffered tremendously as a result of the Coronavirus' impact on the beverage industry.

11.     Consequently, on July 29, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").  The Debtor continues to operate and manage its business as a debtor-in-possession.

12.     On the Petition Date, the Debtor filed its *Emergency Motion for Order (A) Authorizing the Debtor (1) to Use Cash Collateral on an Interim Basis Pursuant to 11 U.S.C. § 363, and (2) to Grant Adequate Protection and Provide Security and Other Relief in Connection Therewith Pursuant to 11 U.S.C. § 361, and (B) Setting a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 32] (the "Cash Collateral Motion").  Pursuant to the Cash Collateral Motion, White Oak asserts that it is owed approximately $59 million by the Debtor, which is secured by a first priority lien on substantially all of the Debtor's assets.

13.     On August 19, 2020, the Debtor filed its *Emergency Motion for the Entry of an*

*Order (1) Approving Competitive Bidding Procedures for the Sale of Substantially All of Debtor's Assets, (2) Scheduling Dates to Conduct Auction and Sale Hearing, (3) Approving the Form and Manner of Notices, (4) Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (5) Approving Assumption and Assignment Procedures, and (6) Granting Related Relief* [Docket No. 93] (the "<u>Bid Procedures Motion</u>").  Through the Bid Procedures Motion, the Debtor is pursuing a sale of substantially all of its assets (the "<u>Sale</u>") on a severely expedited timeframe.  Specifically, the CRO is conducting a fast tracked marketing and sale process with a bid deadline of September 16, 2020 (the "<u>Bid Deadline</u>").  The Subsequently, the Debtor will hold on auction on September 18, 2020, followed by a hearing to approve the Sale on September 21, 2020.  Accordingly, there is an urgent need to adjudicate this Motion in advance of the Bid Deadline so that any prospective purchaser has a clear picture of what assets are a part of the Sale.

## RELIEF REQUESTED

14.     By this Motion, Blefa respectfully requests that this Court: (i) enter an order granting Blefa relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to permit Blefa to take immediate possession of its Kegs; (ii) waive the 14-day stay on the relief requested herein pursuant to Bankruptcy Rule 4001(a)(3); (iii) adjudicate the merits of this Motion on an expedited basis; and (iv) grant such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

15.     As an initial matter, Blefa does not believe that the automatic stay extends to the Kegs because, pursuant to Terms and Conditions and applicable German law, the Kegs are not property of the Debtor's estate as defined by section 541 of the Bankruptcy Code.  However, out of an abundance of caution, Blefa is bringing this Motion before the Court to further authorize

Blefa's right to take possession of its Kegs.  Blefa is entitled to stay relief both "for cause" pursuant to section 362(d)(1) of the Bankruptcy Code and because the Debtor "does not have an equity" in the Kegs pursuant to section 362(d)(2) of the Bankruptcy Code.  11 U.S.C. §§ 362(d)(1)-(2).

**A.    The Automatic Stay is not Applicable Because the Kegs Are Not Property of the Estate**

16.    Section 362 effectuates a stay of action by certain parties against "property of the estate." *See, e.g*., 11 U.S.C. § 362(a)(3) (staying "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate") (emphasis added).  By definition, the automatic stay only protects property of the estate.

17.    Courts have found that, "[a]lthough the definition of 'property of the estate' is indeed broad, it is not unlimited in scope.  For example, it is axiomatic that a bankruptcy estate acquires no greater ownership rights over property than the Debtor would have acquired prior to the bankruptcy filing."  *See In re C&C Excavating, Inc.*, 288 B.R. 251, 257 (Bankr. N.D. Ala. 2002); *In re Berris*, 458 B.R. 601, 610 (Bankr. S.D. Fla. 2011).  "Legislative history clearly denotes the broad scope of the estate, but also indicates that it was not meant to extend the debtor's rights beyond those in effect as of the date of filing." *In re Health Care Products, Inc.*, 159 B.R. 332, 337 (Bankr. M.D. Fla. 1993); *see also*, *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204-205 n.8 (1983) (stating that "[t]he legislative history [of section 541 of the Bankruptcy Code] indicates that Congress intended to exclude from the estate, property of others in which the debtor had some minor interest such as a lien or bare legal title").

18.    Additionally, to determine the extent of a debtor's interest in property, courts look to applicable non-bankruptcy law.  *See In re Dreier LLP*, 429 B.R. 112, 125 (Bankr. S.D.N.Y. 2010).  In Florida, courts "overwhelmingly favor upholding choice-of-law provisions . . . ."

*Chemische Fabrik Budenheim KG v. Bavaria Corporation International*, 2009 WL 10670379, at

*2 (M.D. Fla. July 8, 2009).

19.     Before the Petition Date, pursuant to the Reservation of Title, the Kegs were the

property of Blefa.  The Debtor specifically agreed that it would treat Blefa's Kegs "with care, to

insure them sufficiently against damage or destruction, to mark them as the property of BLEFA

and to store them separately so as to enable them to be separated at any time."  *See* Terms and

Conditions, ¶ 8.  Accordingly, prior to Petition Date, the Debtor clearly conceded all legal and

equitable title to the Kegs to Blefa.  Post-petition, the Debtor cannot now assert a superior

interest in the Kegs that it did not possess before the Bankruptcy Case.

20.     Moreover, under the choice-of-law provision in the Terms and Conditions, it is

indisputable that any interest the Debtor may have in and to the Kegs must be examined under

German law.  Under German civil law, the seller of goods can condition the transfer of property

in such a way that the property is only transferred to the customer upon full payment of the

purchase price (retention of title).  The goods subject to the Terms and Conditions governing the

Agreements, however, do not become property of the customer until the purchase price is paid in

full.  Since the remaining 113,000 Kegs have not been paid for, the Debtor does not title to the

Kegs.  Therefore, Blefa maintains that the automatic stay should not prevent it from seeking the

immediate possession of its Kegs.

**B.      If the Automatic Stay Applies, Blefa is Entitled to Relief**

21.     To the extent the automatic stay applies to the Kegs, Blefa is nevertheless entitled

to relief therefrom pursuant to sections 362(d)(1)-(2) of the Bankruptcy Code.  The stay should

be lifted both "for cause" pursuant to section 362(d)(1) of the Bankruptcy Code and because the

Debtor "does not have an equity" in the Kegs pursuant to section 362(d)(2) of the Bankruptcy

Code.  11 U.S.C. §§ 362(d)(1)-(2).

22.     As detailed above, the Debtor has no cognizable right, interest, or equity in the Kegs pursuant to the Agreements and applicable German law.  Section 362(d) clearly articulates these two independent grounds for modification of the automatic stay.

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization ... .

11 U.S.C. § 362(d).

### i.     <u>Cause Exists to Grant Relief from the Automatic Stay</u>

23.     A party seeking relief under section 362(d)(1) of the Bankruptcy Code must show that "cause" exists to modify the automatic stay. 11 U.S.C. § 362(d)(1).  "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985); *In re Bryan Road, LLC*, 382 B.R. 844, 854 (Bankr. S.D. Fla. 2008); *In re Murray Industries*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990).  Once a movant makes a *prima facie* case that cause exists to lift the stay, the burden shifts to the debtor to show that cause does not exist. *In re Gould*, 401 B.R. 415, 426 (B.A.P. 9th Cir. 2009); *In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985).  If the debtor cannot meet its burden, the secured creditor must be granted relief from the automatic stay. *Id.* at 435.  Here, cause exists to grant relief from the automatic stay pursuant to section 362(a)(1) of the Bankruptcy Code because Blefa's interest in the Kegs is not adequately protected.

24.     The Bankruptcy Code does not define "adequate protection," but Bankruptcy Code section 361 provides a non-exclusive list of examples, including:

>   a.  requiring cash payments to the secured creditor to the extent the continuation of the stay results in a decrease in the value of the collateral;
>
>   b.  providing the secured creditor with an additional or replacement lien on property to the extent that the continuation of the stay results in a decrease in value of the collateral; or
>
>   c.  granting such relief to the secured creditor as will result in the creditor's realization of the "indubitable equivalent" of its interest in the collateral.

11 U.S.C. § 361(1)-(3); *United Sav. Ass'n. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988); *In re Shockley Forest Industries, Inc.*, 5 B.R. 160, 161 (Bankr. N.D. Ga. 1980). Adequate protection does not exist when factors, such as instability of the value of the collateral, indicate that the creditor's interest in property is not being protected. *See In re Colrud*, 45 B.R. 169, 178-79 (Bankr. D. Alaska 1989). If a debtor has neither adequately protected property, nor presented any persuasive evidence that it can do so, relief from the automatic stay for cause is warranted. *See, e.g., In re NMP Concord II, LLC*, No. 10-43080, 2010 WL 3488249, at *4 (Bankr. N.D. Cal. Sept. 1, 2010); *In re Dumbaya*, 428 B.R. 410, 416 (Bankr. N.D. Ohio 2009); *In re Epiq Capital Corp.*, 290 B.R. 514, 526 (Bankr. D. Del. 2003); *In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 982 (Bankr. M.D. Fla. 1997).

25.     Blefa's interest in the Kegs is not adequately protected. The Debtor currently has unfettered access to the Kegs and, at any given time, may put the Kegs into use in its operations. By doing so, the Kegs are at risk of damage and/or loss, which will severely diminish their respective value. Moreover, once the Kegs are distributed to the Debtor's vendors, Blefa will be faced with increasing difficulty in its attempts to locate and take possession of the Kegs.

26.     Furthermore, in the absence of DIP financing coupled with the reduced demand for kegs caused by the Coronavirus, the Debtor cannot afford to provide Blefa with adequate

protection of its interests going forward by providing Blefa with the "indubitable equivalent" of its interest.  Bankruptcy Code section 361(3) is a "catch-all alternative" for adequate protection. *In re Pac. Lifestyle Homes, Inc.*, 2009 WL 688908, at \*8 (Bankr. W.D. Wash. Mar. 16, 2009). "Indubitable" means "too evident to be doubted."  *In re Arnold & Baker Farms*, 85 F.3d 1415, 1421 (9th Cir. 1996).  To the extent a debtor seeks to alter the collateral securing a creditor's loan, providing the indubitable equivalent requires that the substitute collateral not increase the creditor's risk exposure and be "completely compensatory."  *Pac. Lifestyle Homes*, 2009 WL 688908, at \*9.

27.    Given the impact of COVID-19 on the alcoholic beverage industry, as well as the expedited Sale process, it is highly probable that the Sale will not feature a robust bidding process among strategic or financial bidders familiar with this specialized industry.  Moreover, White Oak's ability to credit bid the full amount of its secured claim means that the Debtor stands little chance of being able to offer value to Blefa which will provide complete compensation for either the balance of the purchase price owed for the Kegs, or the diminution in value of the Kegs so as not to expose Blefa to additional risk.  Therefore, the Debtor is unable to provide Blefa with the indubitable equivalent of its interest as required by section 361(3) of the Bankruptcy Code.

28.    For these reasons, Blefa contends that sufficient cause exists to grant relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code.

### ii.    Relief from the Automatic Stay is Justified Because the Debtor Has No Equity in the Kegs

29.    A party seeking relief under section 362(d)(2) must show that the debtor has no equity in the property and that the property is not necessary to an effective reorganization.  11 U.S.C. § 362(d)(2).  Courts have clarified that "[e]quity ... is the value, above all secured claims

against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors." *In re McCombs*, No. 11-01293-MAM-11, 2011 WL 6762930, at *6 (Bankr. S.D. Ala. Dec. 21, 2011) (citing *Matter of Holly's, Inc.*, 140 B.R. 643, 697-98 (Bankr. W.D. Mich.1992)). The Debtor cannot dispute the fact that it has no equity in the Kegs because, as previously explained, the Debtor has no cognizable interest in the Kegs. Blefa is the owner of the Kegs and is entitled to the full value of the Kegs.

30.    In considering whether property is necessary to a debtor's reorganization, courts evaluate whether: (i) the property is needed in the debtor's reorganization; and (ii) there is "a reasonable possibility of a successful reorganization within a reasonable period of time." *In re Mullock*, 404 B.R. 800, 805-06 (Bankr. E.D. Pa. 2009) (citing *Timbers of Inwood Forest Assocs.*, 484 U.S. at 376). In the instant case, the Debtor intends to liquidate the enterprise through a sale of substantially all of its assets. In the event Blefa takes possession of the Kegs, the Debtor will still be able to successfully complete the Sale of its remaining assets, which is planned to be consummated by the end of October 2020. Accordingly, the Kegs are not necessary to the Debtor's liquidating reorganization. Blefa should therefore be granted relief from the automatic stay to take possession of its Kegs.

## **REQUEST FOR EXPEDITED RELIEF**

31.    Blefa respectfully requests that the Court adjudicate the merits of this Motion on an expedited basis. The nature of the Debtor's business puts Blefa's Kegs at risk of damage, loss, theft, and unfettered travel around the world at any given moment. Therefore, each day that passes increases the risk to Blefa that it may never see its Kegs again. Additionally, given the expedited timeframe for the Debtor's Sale, it is absolutely critical that the Court render its decision so the CRO knows whether he can sell the 113,000 Kegs.

## CONCLUSION

32.    Despite Blefa's position that the automatic stay is not applicable and therefore should not preclude Blefa from taking immediate possession of its Kegs, it nonetheless is entitled to relief from the automatic stay because: (i) cause exists to grant relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code as Blefa's interests are not adequately protected; and (ii) the Debtor has no equity in the Kegs and the Kegs are not necessary to an effective reorganization as required by section 362(d)(2) of the Bankruptcy Code.

33.    In light of the foregoing, Blefa respectfully requests that the Court: (i) enter an order granting Blefa relief from the automatic stay to take immediate possession of its Kegs; (ii) waive the 14-day stay imposed by Bankruptcy Rule 4001(a)(3); (iii) adjudicate the merits of this Motion on an expedited basis; and (iv) grant Blefa such other and further relief as it deems just and proper.

Dated:  September 1, 2020

**McDERMOTT WILL & EMERY LLP**

*/s/ Craig V. Rasile*
Craig V. Rasile (FBN 613691)
Gregg A. Steinman (FBN 124255)
333 SE 2nd Avenue
Suite 4500
Miami, FL 33131-4336
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:  crasile@mwe.com
          gsteinman@mwe.com

Timothy W. Walsh, Esq. (admitted *pro hac vice*)
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173
Telephone: (212) 547-5873
Facsimile: (646) 417-7680
E-mail: twwalsh@mwe.com

*Attorneys for Blefa GmbH and Blefa Kegs, Inc.*

## **CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing *Blefa GmbH and Blefa Kegs, Inc.'s (I) Motion for Relief from the Automatic Stay to Take Immediate Possession of Certain Assets and (II) Request for Expedited Consideration* was served on all counsel of record and all interested parties identified on the attached Service List on September 1, 2020 via transmission of Notices of Electronic Filing generated by CM/ECF; and on September 2, 2020 via First Class U.S. Mail, postage prepaid, as indicated thereon.

By: */s/ Craig V. Rasile*

Craig V. Rasile (FBN 613691)

## SERVICE LIST

### Served Via CM/ECF Notification

Audrey M Aleskovsky on behalf of U.S. Trustee United States Trustee - ORL
Audrey.M.Aleskovsky@usdoj.gov

Paul J Battista on behalf of Debtor Global Asset Rental, LLC
pbattista@gjb-law.com; gjbecf@gjb-law.com; gjbecf@ecfcourtdrive.com; chopkins@gjb-law.com; vlambdin@gjb-law.com; jzamora@gjb-law.com

Giacomo Bossa on behalf of Creditor MM STEEL S.R.L.
service@anmpa.com

Bryan E Buenaventura on behalf of U.S. Trustee United States Trustee - ORL
bryan.buenaventura@usdoj.gov

David G Dragich on behalf of Creditor NDL Keg Inc.
ddragich@dragichlaw.com

David G Dragich on behalf of Creditor NDL Keg Qingdao Inc.
ddragich@dragichlaw.com

David G Dragich on behalf of Creditor NDL Keg, LLC
ddragich@dragichlaw.com

Lara Roeske Fernandez on behalf of Creditor NDL Keg Inc.
lrfernandez@trenam.com; mmosbach@trenam.com,mwoods@trenam.com,tyatsco@trenam.com

Lara Roeske Fernandez on behalf of Creditor NDL Keg Qingdao Inc.
lrfernandez@trenam.com; mmosbach@trenam.com,mwoods@trenam.com,tyatsco@trenam.com

Lara Roeske Fernandez on behalf of Creditor NDL Keg, LLC
lrfernandez@trenam.com, mmosbach@trenam.com,mwoods@trenam.com,tyatsco@trenam.com

Tiffany Payne Geyer on behalf of Creditor White Oak Global Advisors, LLC
tpaynegeyer@bakerlaw.com
smccoy@bakerlaw.com;orlbankruptcy@bakerlaw.com;egreen@bakerlaw.com;
bakerlaw@ecfcourtdrive.com

Eric S Golden on behalf of Creditor Truist Bank
egolden@burr.com; jmorgan@burr.com;
ccrumrine@burr.com

Elizabeth A Green on behalf of Creditor White Oak Global Advisors, LLC
egreen@bakerlaw.com
cmartin@bakerlaw.com;orlbankruptcy@bakerlaw.com;bakerlaw@ecf.courtdrive.com

Brian P Hall on behalf of Creditor Schaefer Container Systems of North America, Inc.
bhall@sgrlaw.com

Brian P Hall on behalf of Creditor Schaefer Sudex S.R.O.
bhall@sgrlaw.com

Heather L Harmon on behalf of Debtor Global Asset Rental, LLC
hyonke@gjb-law.com; gjbecf@gjb-law.com;chopkins@gjb-
law.com;gjbecf@ecf.courtdrive.com; jzamora@gjb-law.com

Dimitri G Karcazes on behalf of Creditor White Oak Global Advisors, LLC
dimitri.karcazes@goldbergkohn.com;
RBuck@whiteoaksf.com;TFinnigan@whiteoaksf.com;kristina.bunker@goldbergkohn.com

Prisca A Kim on behalf of Creditor White Oak Global Advisors, LLC
prisca.kim@goldbergkohn.com

Ari Newman on behalf of Interested Party Thielmann Portinox Spain, S.A.
newmanar@gtlaw.com; miaecfbky@gtlaw.com

John E Page on behalf of Creditor Committee Official Committee of Unsecured Creditors
dwoodall@slp.law; dlocascio@slp.law;pmouton@slp.law

Michael S Provenzale on behalf of Creditor City Beverages LLC
michael.provenzale@lowndes-law.com; anne.fisher@lowndes-
law.com;litcontrol@lowndes- law.com

Craig V Rasile on behalf of Creditor Blefa GmbH
crasile@mwe.com;sbugliaro@mwe.com;dnorthrop@mwe.com

Craig V Rasile on behalf of Creditor Blefa Kegs, Inc.
crasile@mwe.com;sbugliaro@mwe.com;dnorthrop@mwe.com

Ivan J Reich on behalf of Creditor J.J. Taylor Distributing Florida, LLC
ireich@nasonyeager.com

Bradley S Shraiberg on behalf of Creditor Committee Official Committee of Unsecured Creditors

bss@slp.law; dwoodall@slp.law; dlocascio@slp.law; pmouton@slp.law; jlanphear@slp.law; dwoodall@ecf.courtdrive.com

United States Trustee – ORL
USTP.Region21.OR.ECR@usdoj.gov

Francisco Vazquez on behalf of Creditor Norton Rose Fulbright US LLP
francisco.vazquez@nortonrosefulbright.com

Amanda C Vintevoghel on behalf of Creditor NDL Keg Inc.
avintevoghel@Dragichlaw.com

Amanda C Vintevoghel on behalf of Creditor NDL Keg Qingdao Inc.
avintevoghel@Dragichlaw.com

Amanda C Vintevoghel on behalf of Creditor NDL Keg, LLC
avintevoghel@Dragichlaw.com

Alice A White on behalf of Creditor Hydra Logistics Services, Inc.
awhite@ofjlaw.com, bmoss@ofjlaw.com

Alice A White on behalf of Creditor Hydra Warehouse, Inc. aka Hydra Warehousing
awhite@ofjlaw.com; bmoss@ofjlaw.com

Thomas G Zeichman on behalf of Creditor Supermonte Group Italy, Inc.
tzeichman@bmulaw.com; rkittl@bmulaw.com


**_Served via U.S. Mail_**
**_To all parties on the attached Rule 1007-2 Service List_**

**GLOBAL ASSET RENTAL, LLC**
**Case No. 6:20-BK-04126**

## MASTER SERVICE LIST

Global Asset Rental, LLC
f/k/a Global Key Rental, LLC
PO Box 2568
Windermere, FL 34786

Blefa Kegs, Inc.
182 Jefferson Pike
LaVergne, TN 37086

Cascade Engineering, Inc.
PO Box 888045
GrandRapids, MI 49588

China Major Beer Keg Co
No.626 Jinshan Road
Jiangbei District,
Ningbo
Zheijang, CHINA

Distrilog Group
Koningin Astridlaan
14 Willebroek
BELGIUM 2830

DSI Getrankearmaturen
GmbH
Oerster Kamp 20
Hamm GERMANY 59069

DSV Air and Sea, Inc.
PO Box 200876
Pittsburg, PA 15251

Echo Global Logistics
22168 Network Pl
Chicago, IL 60673

Entinox
Autov a del Ebro
Zaragoza
SPAIN 50639

Ernst & Young
PO Box 933514
Atlanta, GA 31193

Fulmer Logistics
122 Gayoso Ave
Suite 101
Memphis, TN 38103

HID Global
Switzerland SA
Route de Pra-Charbon 27
1614 Granges
Veveyse Switzerland

Katoen Natie ItaliaSRL
Via Della Conca, 3
Cremona, CR
ITALY 26100

Maisonneuve Kegs
59 Rue de la Gare
C rences
FRANCE 50510

Myers-Holum
244 Madison Ave
Suite 217
New York, NY 10016

Pioneer Warehousing & Distribution LLC
7640 Edgecomb Dr
Liverpool, NY 13088

Plasticos Tecnicos
Mexicanos
5BIS, Paseo Central
Valle de Oro
MEXICO 76803

Schaefer Container Systems
5275 Westgate Dr.
Suite D
Atlanta, GA 30336

Schafer-Sudex s.r.o.
Podol 5
Ledec nad S zavou
Ledec, GERMANY
CZ-58401

Supermonte Group
Italy, Inc.
Via per Carmiano
Leverano
LE, ITALY 73045

Thielmann Portinox
Carretera Pulianas
km 6, Pulianas
SPAIN 18197

Delaware Division Of Revenue
Bankruptcy Services
Carvel State Office Building
8th Floor
Wilmington, De 19801

Federal Communications Commission
445 12th St SW
Washington, DC 20554

GFS Logistics, Inc.
c/o Kevin T Monk
3130 N Longhorn Drive
Lancaster, TX 75134

Natalie Hoogeboom
Ten Holter/Noordam
Veerhaven 17, 3016 CJ
Rotterdam, Netherlands,

Oracle America, Inc.
Buchalter, A Professional Corporation
c/o Shawn M. Christianson
55 2nd St. 17th Fl.
San Francisco, CA 94105

Don Stecker on behalf of Creditor Bexar
County
Linebarger Goggan Blair & Sampson LLP
112 East Pecan Street, Suite 2200
San Antonio, TX 78205

Elizabeth Weller on behalf of Creditor
Dallas County
2323 Bryan Street, Suite 1600
Dallas, TX 75201

Florida Department of Revenue
Bankruptcy Unit
PO Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Orange County Tax Collector
200 S Orange Ave
Ste 1600
Orlando, FL 32801

United States Trustee
135 W Central Blvd
Unit 620
Orlando, FL 32801

US Attorneys' Office
400 W. Washington St.
Suite 3100
Orlando, FL 32801

City of Orlando
400 S. Orange Ave.
Orlando, FL 32801

Polk County Tax Collector
PO Box 1189
Bartow, FL 33831

City of Windermere
614 Main St.
Windermere, FL 34786

## **Exhibit A**

**Order Confirmation**

BEVERAGE
SYSTEMS


THE KEG – POWERED BY FRANKE

MODIFICATION-
# ORDER CONFIRMATION

Blefa GmbH, Hüttenstraße 43, 57223 Kreuztal

Global Keg
6675 Westwood Boulevard
Orlando, FL 32821
UNITED STATES OF AMERICA

| | |
|---|---|
| Page | : 1 / 5 |
| order No. | : 182524 |
| date | : 03/31/2017 |
| cust.ident No. | : 62229/983 |
| suppl.ident No. | : MBLEF00001 |

| | | |
|---|---|---|
| order | : | BKPO0003 |
| date of PO | : | 03/30/2017 |
| your reference | : | Paul Barry |
| our reference | : | Lutz Enders, lutz.enders@blefa.com, +49 (0) 2732 777 235 |
| delivery terms | : | FCA - Free Carrier |

We confirm your following order according to our General Terms and
Conditions of Sale available as a download from our homepage
(http://www.blefakegs.com/general-terms-and-conditions)
Any amendments to these terms require permission in writing
from Blefa GmbH.

\*
FCA Kreuztal/Germany
acc. to INCOTERMS 2010
\*
Forwarding agent:
Lüders & Stange KG
DE Hamburg/Germany
\*

| pos | article ident No<br>description | quantity | unit price<br>USD | total price<br>USD |
|---|---|---|---|---|
| 10 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details | 1 PCS | 0.00 | 0.00 |

\*
Unit Price / inclusive of extractor tube
Micro-Matic well type extractor tube with safety lug
RS-D Draft 900-060/552 mm
Art.-no: 01000283
\*
+/- 2% Quantitative production tolerance
\*
With silk screen printing

BLEFA GmbH, Kreuztal
(HRB 9960 AG Siegen)

Geschäftsführung:
Alexander Brand

Tel: +49 (0) 27 32 / 7 77 0
Fax:+49 (0) 27 32 / 7 77 292
www.blefa.com

USt-IdNr.: DE175576751

Bankverbindung / Bank Details
Deutsche Bank Siegen
BIC: DEUT DE DK 460
IBAN: DE06 4607 0090 0152 4545 00

BEVERAGE
SYSTEMS



MODIFICATION-
**ORDER CONFIRMATION**

Page          :  2    / 5
order No.     :  182524
date          :  03/31/2017

| pos | article ident No<br>description | quantity | unit price<br>USD | total price<br>USD |
|-----|------------------------------|----------|--------------------|---------------------|

\*
Assembly of RFID tag provided by you
\*
Customs Tariff No: 73102990
\*
Shipping date ex works Germany:

\*
Country of origin:
Federal Republic of Germany
\*

| | | | | |
|--|--|--|--|--|
| 15 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details | 1 PCS | 0.00 | 0.00 |

\*
Unit Price / inclusive of extractor tube
Micro-Matic well type extractor tube with safety lug
RS-D Draft 900-060/552 mm
Art.-no: 01000283
\*
+/- 2% Quantitative production tolerance
\*
With silk screen printing
\*
Assembly of RFID tag provided by you
\*
Customs Tariff No: 73102990
\*
Shipping date ex works Germany:

\*
Country of origin:
Federal Republic of Germany
\*

| | | | | |
|--|--|--|--|--|
| 20 | 100 1626<br>Keg ø 229 19 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details | 15,960 PCS | 67.30 | 1,074,108.00 |

BLEFA GmbH, Kreuztal          Tel: +49 (0) 27 32 / 7 77 0
(HRB 9960 AG Siegen)          Fax: +49 (0) 27 32 / 7 77 292          Bankverbindung / Bank Details
                                     www.blefa.com                          Deutsche Bank Siegen
Geschäftsführung:                                                    BIC: DEUT DE DK 460
Alexander Brand          USt-IdNr.: DE175576751          IBAN: DE06 4607 0090 0152 4545 00

BEVERAGE
SYSTEMS



MODIFICATION-
## ORDER CONFIRMATION

| | |
|---|---|
| Page | : 3  / 5 |
| order No. | : 182524 |
| date | : 03/31/2017 |

| pos | article ident No<br>description | quantity | unit price<br>USD | total price<br>USD |
|---|---|---|---|---|

*
Unit Price / inclusive of extractor tube
Micro-Matic well type extractor tube with safety lug
RS-D Draft 900-060/552 mm
Art.-no: 01000283
*

+/- 2% Quantitative production tolerance
*

With silk screen printing
*

Assembly of RFID tag provided by you
*

Customs Tariff No: 73102990
*

Shipping date ex works Germany:
starting in week 29, 2017
loaded on one-way pallets, approx. 1.485 kegs per truck
*

Country of origin:
Federal Republic of Germany
*

| | | | | |
|---|---|---|---|---|
| 30 | 100 1626 | 1 PCS | 0.00 | 0.00 |

Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst
GLOBAL KEG BA9876 -3a
30 year warranty applies - please see www.kegwarranty.com for details

*
Unit Price / inclusive of extractor tube
Micro-Matic well type extractor tube with safety lug
RS-D Draft 900-060/552 mm
Art.-no: 01000283
*

+/- 2% Quantitative production tolerance
*

With silk screen printing
*

Assembly of RFID tag provided by you
*

Customs Tariff No: 73102990
*

Shipping date ex works Germany:

BLEFA GmbH, Kreuztal          Tel: +49 (0) 27 32 / 7 77 0
(HRB 9960 AG Siegen)          Fax: +49 (0) 27 32 / 7 77 292                                    Bankverbindung / Bank Details
                                      www.blefa.com                                          Deutsche Bank Siegen
Geschäftsführung:                                                                     BIC: DEUT DE DK 460
Alexander Brand          USt-IdNr.: DE175576751                  IBAN: DE06 4607 0090 0152 4545 00



BEVERAGE
SYSTEMS

THE KEG – POWERED BY FRANKE

MODIFICATION-
## ORDER CONFIRMATION

Page       :  4   / 5
order No.  : 182524
date       : 03/31/2017

| pos | article ident No / description | quantity | unit price USD | total price USD |
|-----|-------------------------------|----------|----------------|-----------------|
| | * Country of origin: Federal Republic of Germany * | | | |
| 35 | 100 1626 Keg ø 229 19 1,60/1,20/1,60 nst GLOBAL KEG BA9876 -3a 30 year warranty applies - please see www.kegwarranty.com for details | 1,204 PCS | 67.30 | 81,029.20 |
| | * Unit Price / inclusive of extractor tube Micro-Matic well type extractor tube with safety lug RS-D Draft 900-060/552 mm Art.-no: 01000283 * | | | |
| | +/- 2% Quantitative production tolerance * | | | |
| | With silk screen printing * | | | |
| | Assembly of RFID tag provided by you * | | | |
| | Customs Tariff No: 73102990 * | | | |
| | Shipping date ex works Germany: 1st half of October 2017 loaded on one-way pallets, approx. 1.485 kegs per truck * | | | |
| | Country of origin: Federal Republic of Germany * | | | |

**value of order USD**                       **1,155,137.20**

payment        :  30 days net

tax free export

Our VAT ID no.: DE175576751

BLEFA GmbH, Kreuztal
(HRB 9960 AG Siegen)

Geschäftsführung:
Alexander Brand

Tel: +49 (0) 27 32 / 7 77 0
Fax: +49 (0) 27 32 / 7 77 292
www.blefa.com

USt-IdNr.:  DE175576751

Bankverbindung / Bank Details
Deutsche Bank Siegen
BIC: DEUT DE DK 460
IBAN: DE06 4607 0090 0152 4545 00

BEVERAGE
SYSTEMS



MODIFICATION-
## ORDER CONFIRMATION

| | |
|---|---|
| Page | : 5  / 5 |
| order No. | : 182524 |
| date | : 03/31/2017 |

| pos | article ident No | quantity | unit price | total price |
|---|---|---|---|---|
| | description | | USD | USD |

Blefa GmbH

\*

Transaction between not related parties
\*

BLEFA GmbH, Kreuztal          Tel: +49 (0) 27 32 / 7 77 0
(HRB 9960 AG Siegen)      Fax: +49 (0) 27 32 / 7 77 292
                                              www.blefa.com

Geschäftsführung:
Alexander Brand          USt-IdNr.: DE175576751

Bankverbindung / Bank Details
Deutsche Bank Siegen
BIC: DEUT DE DK 460
IBAN: DE06 4607 0090 0152 4545 00

**<u>Exhibit B</u>**

**Terms and Conditions**

**BLEFA.**
THE KEG – POWERED BY FRANKE

# General Terms and Conditions of Sale

**I. Conclusion of a contract**

1. All of our deliveries and services shall be subject exclusively to the Terms and Conditions set forth below. The applicability of any general terms and conditions of the Buyer/Customer is expressly excluded, unless BLEFA has expressly consented in writing to its adoption.

2. A contract shall only be concluded upon written confirmation of the order by us. Any amendments to the GTC or a contract concluded must be made in writing.

**II. Offer, offer documentation, copyright**

3. Our offers are subject to change without notice. Illustrations, drawings and indications of dimensions, weights and specifications within the offers, brochures, price lists and catalogues of BLEFA are only intended as approximate figures and shall in particular not constitute any warranty as to characteristics unless expressly designated as binding in writing.

4. Drawings/layouts and other confidential documentation ("Information") shall remain the property of BLEFA and contain copyright of BLEFA, even if this is not expressly stipulated. Such Information or offers / cost estimates and prices may not be disclosed to third parties without the written consent of BLEFA. All Information must be returned to BLEFA upon first demand. If an order is not placed, this Information must be returned promptly and unsolicited and may not be used.

**III. Prices, payment terms**

5. Unless agreed otherwise, the prices of BLEFA are valid ex works BLEFA (FCA according to the Incoterms 2010), in addition to value added tax at the statutory rate, packaging, transport, the flat-rate environmental levy and freight insurance. Payment shall be made in the currency stated in the invoice without deduction and such that it may be disposed of by us on the due date. The Buyer shall not be entitled to offset against a claim unless such a claim is undisputed or has been recognised by a declaratory judgment having the force of law; rights of retention may only be vested in it in accordance with the same contractual relationship.

6. In the event of payment default, interest shall be charged at a rate of 8 per cent above the basic interest rate in accordance with Section 247 of the German Civil Code (BGB). In the event of payment default, BLEFA shall be entitled to render the processing of all orders for the Customer conditional upon advance payment or the provision of a guarantee, to retain supplied goods or to take back goods, whilst agreeing to enter the premises of the Buyer in order to collect the goods. The taking back of goods shall not be construed as withdrawal from the contract.

7. The foregoing shall be without prejudice to statutory provisions applicable to payment default.

**IV. Reservation of title**

8. The goods delivered shall remain the property of BLEFA until compliance in full with all claims under the business relationship with the Customer. No pledges or assignments as security by the Customer are permitted and the Customer shall inform BLEFA promptly in writing in the event of any third party intervention with respect to the goods. The Customer shall be obliged to treat BLEFA's reserved goods with care, to insure them sufficiently against damage or destruction, to mark them as the property of BLEFA and to store them separately so as to enable them to be separated at any time. The Customer hereby assigns to BLEFA any claims vested in it against insurers following an occurrence of loss or damage, insofar as they relate to the property of BLEFA. The Customer shall be entitled to sell the goods in the ordinary course of business in the event that payment has been made in full to BLEFA or if it has expressly informed the buyer of the goods in writing of the fact that BLEFA has retained title over the goods in question. The Customer hereby assigns to BLEFA in full as collateral the claims relating to the goods that arise out of the resale or on any other legal basis (insurance, tort, accession to a land). If insolvency proceedings are brought against the Customer, it shall not be entitled to sell on or to surrender possession of the goods that are still owned by BLEFA until it has settled in full all amounts owed by it to BLEFA. In the event of a breach of contract, including in particular payment default notwithstanding a reminder, if so requested by BLEFA the Customer shall be obliged to return the goods DDP (Incoterms 2010) to the facility of BLEFA (including unloading at the risk and cost of the Customer).

9. In the event that the law of the country in which the goods are located does not permit the retention of title provided for or only permits it in limited form, BLEFA may secure other rights over the goods. The Customer shall be obliged to cooperate in all necessary action (e.g. registration) in order to give effect to the retention of title or the rights established in place thereof and in order to protect these rights.

**V. Delivery periods, delivery dates, transfer of risk**

10. Unless agreed otherwise in writing, delivery periods and delivery dates shall be non-binding. Information is provided to the best of our knowledge, although without any warranty, and is conditional upon timely delivery by suppliers to BLEFA and timely performance by the Customer. The delivery period shall be extended by the duration of the period during which the Customer fails to comply with its contractual duties. BLEFA shall be entitled to make partial deliveries and to effect partial supplies.

11. The delivery dates confirmed shall be deemed to have been met upon timely delivery - i.e. upon delivery to the forwarding agent, carrier, or other third party commissioned with the dispatch - or shipment. They shall also be deemed to have been met at the time notice of readiness for shipment is intimated, in the event that the goods cannot be shipped in good time due to circumstances that are beyond our control. We do not accept any obligation in respect of timely transportation. Risk shall pass to the Buyer upon the transfer of the goods to the shipping agent or freight forwarder or upon intimation of the aforementioned notice that the goods are ready for shipment. A commitment by BLEFA in any individual case to arrange transport or to cover the costs of transportation shall not have any impact on the transfer of risk.

12. In the event of force majeure or any other unforeseeable, extraordinary circumstances not arising through fault – including without limitation problems relating to the procurement of materials, failure to supply, incorrect supply or late supply to us by our suppliers (supplies to us) notwithstanding the conclusion of back-up disruptions to operations of any type, failure of telecommunications and IT systems, fire, strikes, lockouts, a lack of means of transport, transport disruptions, governmental acts, breakdown of machinery, export and import prohibitions, energy supply difficulties, mobilisation, war, blockades, etc. including where such events occur for our own suppliers – we shall be unable to comply with our duties and shall be released from our obligations under the contract for the duration of the impediment. The Customer shall have no entitlement to bring damages claims. In the event that the impediment continues for more than two months, each party shall be entitled to withdraw from the Contract in full or in part to the extent that it has not been performed.

13. We shall be entitled to refer to the above-mentioned circumstances only if we notify the Customer immediately of the start and conclusion of such impediments.

**VI. Cancellation of orders / return shipment**

14. Aside from the exercise of rights relating to defects, orders may be cancelled and goods may be returned only with the written approval of BLEFA. BLEFA reserves the right to charge appropriate cancellation fees in the amount of the costs incurred by BLEFA. Return shipment to BLEFA must occur promptly after approval, citing the Return Merchandise Authorization number provided by BLEFA ("RMA no.").

**VII. Shipment, packaging and interim storage**

15. If loading or transportation of goods is delayed due to reasons for which Buyer is responsible, we shall be entitled, at Buyer's cost and risk, to store the goods at our reasonable discretion, to take all measures considered appropriate to preserve the goods, and to invoice the goods as if delivered. The same shall apply if goods notified as ready for shipment are not called off within four days. The foregoing shall be without prejudice to statutory provisions applicable to late acceptance. We shall deliver the goods packaged and protected against rust to the extent customary in commercial practice; the cost shall be borne by the Buyer, and no packaging or other materials used for protection and transportation will be taken back.

**VIII. Liability for defects**

16. The Buyer shall inspect the goods immediately after receipt for defects arising during transit, deviations from the agreed quantity, or delivery of merchandise other than that stipulated, which it shall report on the delivery note. Any shipment that is not received either in full or in part shall be reported to us by the Buyer promptly after discovery.

17. In the event that we are responsible for any defective goods or services, we shall be entitled, at our option, to rectify the defect or to supply a replacement. Defects shall be reported promptly in writing, and under all circumstances within 5 (five) working days of their discovery.

18. If we are unable to rectify a defect, the Customer shall be entitled, at its option, to cancel the contract or to claim abatement (reduction of the purchase price). Minor defects shall not give rise to a right of cancellation. If the right to cancel the contract is exercised after our failure to rectify the defect, the Customer shall be entitled to claim damages for the defect.

19. Liability for defects shall be excluded for defects caused by unsuitable or improper use, incorrect assembly and/or commissioning by Buyer or third parties instructed by the Buyer, natural wear and tear, or incorrect or negligent handling.

20. The time barring period for claims arising from defects shall be twelve months after the transfer of risk. No new warranty periods shall arise for rights and claims relating to defects as a result of the exchange or repair of individual parts or any item.

21. In the event that the Customer has forwarded the goods on account of supposed warranty rights for the purpose of rectifying the defect and it transpires following an examination that there was not in fact any defect, the Customer shall reimburse BLEFA for the costs of the examination of the goods, including any shipping and packaging costs arising.

22. Product-related manufacturer guarantees constitute additional promises of performance and are subject to the relevant terms and conditions of the guarantee.

**IX. General limitation of liability**

23. BLEFA only accepts liability for gross negligence and wilful intent or for culpable breaches of essential contractual obligation, without which proper performance of the contract is absolutely impossible, and on whose performance the Customer may regularly rely ("Cardinal Obligation"). In the event of a breach of a Cardinal Obligation as a result of minor negligence, the liability of BLEFA shall be limited to losses typical for the contract that were foreseeable upon conclusion of the contract; BLEFA shall bear no liability in the event of a breach of an accessory contractual duty that is not a Cardinal Obligation as a result of minor negligence. In case of initial impossibility of performance, BLEFA is only liable if it was aware of the impediment to performance. BLEFA was gross negligently unaware of it or if the impossibility ab initio constitutes a breach of a Cardinal Obligation. Lost profit, disruptions to operations and downtime and other indirect losses shall not be compensated by BLEFA.

24. The foregoing shall be without prejudice to claims under the German Product Liability Act or claims relating to loss of life, personal injury or damage to health.

25. Insofar as the liability of BLEFA is limited or excluded in accordance with the foregoing provisions, this shall also apply to the liability of employees, representatives and other auxiliary agents.

26. Damages claims of the Customer for which liability is limited in accordance with this provision are time-barred after one year.

**X. Intellectual property rights**

27. All intellectual property rights pertaining to the products or the product documentation are held by and shall remain with BLEFA. Any usage, copying or modification shall require our approval.

**XI. Data protection and Processing**

28. Personal data is any information relating to an identified or identifiable natural person ('Data Subject') as defined in the applicable data protection law.

29. Personal data will be gathered, processed and used by BLEFA in compliance with the applicable data protection law and all of our employees. BLEFA group companies and third party service providers who have access to personal data are obliged to respect the confidentiality of the personal data.

30. In the event that BLEFA is provided and receives personal data via Customer or a point of sale for such purpose describe above, BLEFA is an independent controller under applicable data protection law.

31. BLEFA collects personal data when customer submits it to us, through registration, completion of forms or e-mails, as part of an order for products or services, after-sale support for products or services, inquiries or requests about products being ordered and similar situations in which data subject has chosen to provide the information to BLEFA or via a point of sale to BLEFA.

32. Some personal data provided (name, address, phone number and email address) will be processed by BLEFA for marketing, advertising or promoting purposes. We assume that this is of mutual interest for our Customer and for the Data Subject to upkeep a good business relationship and the respective Data Subject can object to the processing of his/her data for this purpose at any time without giving reasons by contacting BLEFA.

33. Some of the personal data provided may be stored or processed in other jurisdictions, such as the United States, whose data protection laws may differ from this jurisdiction. In such cases, BLEFA ensures that appropriate protections are in place to require the data processor in that country to maintain protections on the personal data that are equivalent to those that apply in the country of BLEFA.

34. Customer is obliged to inform any point of sale and its end-users that it complies with applicable data protection law and personal data will be processed by BLEFA according to the terms and limitation set forth in this Clause. Customer shall, without limitation, defend, hold harmless and indemnify BLEFA in the event of damage that is attributable to Customer's transferring of personal data or in breach of applicable data protection law.

35. Our full privacy statement can be found on our website: www.blefa.com.

**XII. Proof of exportation**

36. If a Buyer residing outside the Federal Republic of Germany (extra-territorial customer) or its agent collects and transports or ships goods abroad, the Buyer shall provide us with the proof of exportation necessary for tax purposes. If such proof is not provided, the Buyer shall be responsible for payment of value added tax on the invoice amount due for deliveries within the Federal Republic of Germany.

**XIII. Anti-corruption**

37. The Buyer undertakes towards BLEFA to comply with the applicable legislation under the relevant legal system on the combating of corruption and bribery within business in addition to our guidelines as set forth in the BLEFA Code of Conduct.

38. In the event of resale, the Buyer shall ensure the application of its own guidelines and processes that guarantee compliance with the aforementioned rules on the combating of corruption and shall further ensure that third party undertakings that effect supplies or provide services in relation to the implementation of this Contract are subject to a written requirement to comply with the principles specified. The Buyer shall be responsible for compliance with these principles by third party undertakings and shall bear liability in the event of non-compliance.

39. Blefa shall be entitled to withdraw from the Contract without notice in the event of any breach of the principles set forth above. The foregoing shall be without prejudice to damages claims available according to law.

**XIV. Applicable law, place of performance and jurisdiction**

40. The laws of the Federal Republic of Germany shall apply with the exclusion of the UN Convention of contracts for the International Sale of Goods (CISG).

41. The place of performance for all claims arising out of contracts concluded with BLEFA shall be the registered office of BLEFA. Exclusive jurisdiction over all disputes arising directly or indirectly out of or in relation to the business relationship shall be at Siegen, Germany. BLEFA shall however be entitled to initiate action before any other competent court.

**XV. Severability**

42. In the event that any individual term of the contract concluded with the Buyer, including any term of these General Terms and Conditions of Sale, is or becomes invalid in full or in part, this shall not affect the validity of the remaining provisions. The wholly or partly invalid term shall be replaced by a term which comes as close as possible to the economic outcome of the invalid term.

Blefa GmbH, 25.10.2018

**<u>Exhibit C</u>**

**Invoice**

BEVERAGE
SYSTEMS



CANCELLATION
# INVOICE NO.: 47068

Blefa GmbH, Hüttenstraße 43, 57223 Kreuztal

Global Keg
6675 Westwood Boulevard
Orlando, FL 32821
UNITED STATES OF AMERICA

| | |
|---|---|
| Page | : 1  / 5 |
| date | : 06/13/2017 |
| order No. | : 182524 |
| date of order | : 03/31/2017 |
| cust.ident No. | : 62229/983 |
| suppl.ident No. | : MBLEF00001 |

| | |
|---|---|
| order | : BKPO0003 |
| your order | : 03/30/2017 |
| your reference | : Paul Barry |
| our reference | : Lutz Enders, lutz.enders@blefa.com, +49 (0) 2732 777 235 |

Ref: Cancellation our invoice No./dated: 47067 / 06/13/2017

We are invoicing according to our General Terms and Conditions of Sale
available as a download from our homepage
(http://www.blefakegs.com/general-terms-and-conditions)
Any amendments to these terms require permission in writing
from Blefa GmbH.

\*
FCA Kreuztal/Germany
acc. to INCOTERMS 2010
\*
Forwarding agent:
Lüders & Stange KG
DE Hamburg/Germany
\*

| # pos | article ident No description | Quantitiy | unit price USD | total price USD |
|---|---|---|---|---|
| 1 | delivery note No.: 50354 dated/of 06/09/2017 | | weight gross: 11,700.000 KG / weight net: 9,516.000 KG | |
| | delivery terms    DAP - Delivered at Place | | | |

consig.addr.:
ABInbev Jupille Activite Industrielle Avenue J. Prevers 4020 Jupille sur Meuse (Liege)

Sped. red/line, LKW-Nr.GD 749 JW (PL), OP-42-LD (NL)
Verladen auf 78 Brauerei-Paletten

BLEFA GmbH, Kreuztal
(HRB 9960 AG Siegen)

Geschäftsführung:
Alexander Brand

Tel: +49 (0) 27 32 / 7 77 0
Fax: +49 (0) 27 32 / 7 77 292
www.blefa.com

USt-IdNr.: DE175576751

Bankverbindung / Bank Details
Deutsche Bank Siegen
BIC: DEUT DE DK 460
IBAN: DE06 4607 0090 0152 4545 00

BEVERAGE
SYSTEMS



CANCELLATION
# INVOICE NO.: 47068

Page        : 2  / 5
date        : 06/13/2017

| # pos | article ident No<br>description | Quantitiy | unit price<br>USD | total price<br>USD |
|---|---|---|---|---|
| 10 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details | 1,560 PCS | 67.30 | 104,988.00 |

Customs Tariff No: 73102990
Country of origin:
Federal Republic of Germany

2    delivery note No.:    50363 dated/of 06/12/2017    weight gross: 11,700.000 KG / weight net: 10,062.000 KG
     delivery terms        DAP - Delivered at Place

consig.addr.:
ABInbev Jupille Activite Industrielle Avenue J. Prevers 4020 Jupille sur Meuse (Liege)

Sped. LKW-Walter, LKW-Nr. E-7890KH (BG), HRO-A 9665 (D)
Verlasden auf 78 Brauerei-Paletten

| | | | | |
|---|---|---|---|---|
| 10 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details | 1,560 PCS | 67.30 | 104,988.00 |

Customs Tariff No: 73102990
Country of origin:
Federal Republic of Germany

3    delivery note No.:    50366 dated/of 06/12/2017    weight gross: 11,700.000 KG / weight net: 10,062.000 KG
     delivery terms        DAP - Delivered at Place

consig.addr.:
ABInbev Jupille Activite Industrielle Avenue J. Prevers 4020 Jupille sur Meuse (Liege)

Sped. LKW-Walter, LKW-Nr. B 789 NFR, B 791 RTF (RO)
Verladen auf 78 Brauerei-Paletten

amount car.over                                209,976.00

BLEFA GmbH, Kreuztal        Tel: +49 (0) 27 32 / 7 77 0
(HRB 9960 AG Siegen)        Fax: +49 (0) 27 32 / 7 77 292        Bankverbindung / Bank Details
                            www.blefa.com                       Deutsche Bank Siegen
Geschäftsführung:                                               BIC: DEUT DE DK 460
Alexander Brand        USt-IdNr.: DE175576751                   IBAN: DE06 4607 0090 0152 4545 00



BEVERAGE
SYSTEMS

CANCELLATION
# INVOICE NO.: 47068

Page  : 3   / 5
date  : 06/13/2017

| # pos | article ident No<br>description | Quantitiy | unit price<br>USD | total price<br>USD |
|---|---|---|---|---|
| | | | amount car.over | 209,976.00 |
| 10 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details<br><br>Customs Tariff No: 73102990<br>Country of origin:<br>Federal Republic of Germany | 1,560 PCS | 67.30 | 104,988.00 |

4   delivery note No.:   50369 dated/of 06/12/2017    weight gross: 11,700.000 KG / weight net: 10,062.000 KG
    delivery terms        DAP - Delivered at Place

    consig.addr.:
    ABInbev Jupille Activite Industrielle Avenue J. Prevers 4020 Jupille sur Meuse (Liege)

    Sped. red line, LKW-Nr. WGM 2W48 (PL) / OP-51-LD (NL)
    verladen auf 78 Brauerei-Paletten

| 10 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details<br><br>Customs Tariff No: 73102990<br>Country of origin:<br>Federal Republic of Germany | 1,560 PCS | 67.30 | 104,988.00 |

5   delivery note No.:   50371 dated/of 06/12/2017    weight gross: 11,700.000 KG / weight net: 10,062.000 KG
    delivery terms        DAP - Delivered at Place

    consig.addr.:
    ABInbev Jupille Activite Industrielle Avenue J. Prevers 4020 Jupille sur Meuse (Liege)

    Sped. LKW-Walter - LKW-Nr. BT 6995 KB / BT 0418 EE (BG)
    verladen auf 78 Brauerei-Paletten

|  |  | amount car.over | 419,952.00 |

BLEFA GmbH, Kreuztal    Tel: +49 (0) 27 32 / 7 77 0
(HRB 9960 AG Siegen)   Fax: +49 (0) 27 32 / 7 77 292                             Bankverbindung / Bank Details
                            www.blefa.com                               Deutsche Bank Siegen
Geschäftsführung:                                                BIC: DEUT DE DK 460
Alexander Brand        USt-IdNr.: DE175576751                          IBAN: DE06 4607 0090 0152 4545 00

BEVERAGE
SYSTEMS



CANCELLATION
# INVOICE NO.: 47068

Page    : 4    / 5
date    : 06/13/2017

| # pos | article ident No<br>description | Quantitiy | unit price<br>USD | total price<br>USD |
|---|---|---|---|---|
| | | | amount car.over | 419,952.00 |
| 10 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details | 1,560 PCS | 67.30 | 104,988.00 |
| | Customs Tariff No: 73102990<br>Country of origin:<br>Federal Republic of Germany | | | |

6   delivery note No.:    50379 dated/of 06/13/2017    weight gross: 11,700.000 KG / weight net: 10,062.000 KG
    delivery terms        DAP - Delivered at Place

consig.addr.:
ABInbev Jupille Activite Industrielle Avenue J. Prevers 4020 Jupille sur Meuse (Liege)

Sped. red/line, LKW-Nr.: TT 784GG (SK), OL-68-YP (NL)
Verladen auf 78 Brauerei-Paletten

| 10 | 100 1626<br>Keg ø 229 1/6 bbl 1,60/1,20/1,60 nst<br>GLOBAL KEG BA9876 -3a<br>30 year warranty applies - please see www.kegwarranty.com for details | 1,560 PCS | 67.30 | 104,988.00 |
|---|---|---|---|---|
| | Customs Tariff No: 73102990<br>Country of origin:<br>Federal Republic of Germany | | | |
| | value of goods | | | 629,928.00 |

Tax ID no.: 342 5868 1206
Our VAT ID no.: DE175576751

| Tax code | net value | VAT % | value add. tax | Gross value |
|---|---|---|---|---|
| Full VAT | 629,928.00 | 99.00 | 623,628.72 | 1,253,556.72 |

amount car.over        1,253,556.72

BLEFA GmbH, Kreuztal        Tel: +49 (0) 27 32 / 7 77 0
(HRB 9960 AG Siegen)        Fax: +49 (0) 27 32 / 7 77 292        Bankverbindung / Bank Details
                                    www.blefa.com                                    Deutsche Bank Siegen
Geschäftsführung:                                                              BIC: DEUT DE DK 460
Alexander Brand        USt-IdNr.: DE175576751                    IBAN: DE06 4607 0090 0152 4545 00



BEVERAGE
SYSTEMS

CANCELLATION
## INVOICE NO.: 47068

Page        : 5   / 5
date        : 06/13/2017

| # pos | article ident No description | Quantitiy | unit price USD | total price USD |
|---|---|---|---|---|
| | | | amount car.over | 1,253,556.72 |

Blefa GmbH

Transaction between not related parties

| | total value USD | 1,253,556.72 |
|---|---|---|

due      07/28/2017     net

BLEFA GmbH, Kreuztal     Tel: +49 (0) 27 32 / 7 77 0
(HRB 9960 AG Siegen)     Fax: +49 (0) 27 32 / 7 77 292
Geschäftsführung:         www.blefa.com
Alexander Brand     USt-IdNr.: DE175576751

Bankverbindung / Bank Details
Deutsche Bank Siegen
BIC: DEUT DE DK 460
IBAN: DE06 4607 0090 0152 4545 00