UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division
www.flmb.uscourts.gov

In re:

**GLOBAL ASSET RENTAL, LLC**  **Chapter 11**
**f/k/a GLOBAL KEG RENTAL, LLC**

**Case No. 6:20-bk-04126-KSJ**
**Debtor.**
_____/

**THADEUS AVVAMPATO'S MOTION FOR ORDER AUTHORIZING PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. §§ 105, 363 AND 503(b)**

I respectfully request the entry of an order pursuant to 11 U.S.C. §§ 105, 363 and 503(b), and Local Rule 2081-1(g)(6), authorizing the payment of Paid Time Off ("PTO") compensation to me for my employment by Debtor during the Chapter 11 case under Debtor's standard Human Resource PTO policy, as more fully set forth herein. In support of this Motion, the I respectfully represent as follows:

## BACKGROUND

1. On July 23, 2020 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On August 12, 2020, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicates for the relief requested herein are sections 105, 363 and 503(b) of title 11of the United States Code, 11 U.S.C.§§ 101 *et seq*. (the "Bankruptcy Code") and Local Rule 2081-1(g)(6).

5. For a detailed description of the Debtor, its operations and assets and liabilities, I respectfully refer the Court and parties-in-interest to the Declaration of Soneet R. Kapila in Support of the Chapter 11 Petition and First Day Motions [Doc. No. 34] (the "First Day Declaration").

## RELIEF REQUESTED

6. By this Motion, I seek compensation for PTO owed to me by Debtor for my employment during this Chapter 11 case. My employment at the Debtor provided for accruing 18 days per year or 12.00 hours per month in PTO. Compensation under this policy was afforded all employees. When calculating post-petition PTO during my employment at the Debtor from the dates of July 23rd, 2020, until October 9th, 2020[1], a total of 30.96 total hours (pro-rated) are due for a total of $3,721.08, a copy of the calculation of which is attached hereto as **Exhibit "A"**.

7. I was employed by the Debtor, most recently as President, since 2015 and had been awarded PTO under the Debtor's PTO policy as an employee of over 5 years, but less than 14 years, a copy of which policy is attached hereto as **Exhibit "B"**.

8. I worked full time at the Debtor during the Chapter 11 bankruptcy case from July 23rd, 2020, until October 9th, 2020 and believe I earned the PTO afforded all other employees.

## APPLICABLE LEGAL AUTHORITY

I believe that the proposed PTO reimbursement represents "actual and necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case," and are appropriate administrative expenses to be borne by

---

[1] October 9th, 2020 was my last day of employment for the Debtor. I subsequently went to work for International Keg Rental, purchaser of most of the assets, on Oct 10th, 2020.

the estate under section 503(b)(1)(A) of the Bankruptcy Code. That section, together with authority conferred upon the Court under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title, "provides ample authority to approve the relief requested in this Motion.

**WHEREFORE**, I respectfully request that the Court enter an order: (i) authorizing the payment to me of an administrative expense for PTO compensation due to me while employed by the Debtor during the post-petition Bankruptcy period; and (ii) and granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED** this 18th day of December 2020.

*[signature]*
**Thadeus Avvampato**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**
www.flmb.uscourts.gov

**In re:**

| | |
|---|---|
| **GLOBAL ASSET RENTAL, LLC** | **Chapter 11** |
| **f/k/a GLOBAL KEG RENTAL, LLC** | |
| | **Case No. 6:20-bk-04126-KSJ** |
| **Debtor.** | |
| _____/ | |

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that a true copy of has been furnished either electronically or by U.S. First Class, postage prepaid mail to: all parties entitled to receive CM/ECF noticing; the Local Rule 1007-2 parties-in-interest as shown on the matrix attached to the original of this motion filed with the Court; and the U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, this 15th day of October 2020.

# Exhibit A
# Prorated PTO Calculation

**Post-Petition PTO calculation with 5+ years employment**

| | |
|---|---|
| 3.48 | Pro-rated July PTO accural hours dates 7/23 to 7/31 [i.e. (31-23+1)/31*12 = 3.48 hrs)] |
| 12.00 | August full month PTO accrual |
| 12.00 | September full month PTO accural |
| 3.48 | Pro-rated October PTO accural hours dates 10/1 to 10/9 [i.e. 9/31*12 = 3.48 hrs] |
| 30.96 | Total pro-rated post-petition PTO hours accrued |

**PTO reimbursement calculation**

| | |
|---|---|
| 2,080 | Total hours per year |
| 250,000 | Annual Salary |
| $120.19 | Hourly compensation [i.e. ($250,000/2,080 = $120.19 per hr)] |
| 30.96 | Total pro-rated post-petition PTO hours accrued |
| $3,721.08 | Total amount owed |

**Exhibit B**
**2020 Debtor PTO Policy**



We know how hard employees work and recognize the importance of providing time for rest and relaxation. We fully encourage employees to get this rest by taking paid time off. Time off under this policy includes extended time off, such as for a vacation, and incidental time due to sickness or to handle personal affairs.

<u>Full-time employees accrue paid time off as follows:</u>

- During the first partial calendar year of employment and the first four full calendar years of employment, employees accrue up to 13 days of paid time off per year. Paid time off is accrued on a pro-rata basis throughout the year in each pay period.
- From five years to fourteen full years of employment, employees accrue up to 18 days of paid time off per year.
- Over fifteen years of employment, employees accrue up to 23 days of paid time off per year.

The maximum paid time off entitlement for part-time employees is pro-rated based on hours worked.



## FINAL NOTES

- Paid time off may be used in hourly increments.
- Up to 10 days of accrued, unused paid time off is paid out upon separation, unless otherwise required by law.
- Advanced but unaccrued paid time off will be deducted from an employee's final paycheck, to the extent permitted by law.

Please direct any questions to your supervisor or Michele K.


GLOBAL ASSET RENTAL