**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re** | **CASE NO. 6:20-bk-04126-KSJ** |
| **GLOBAL ASSET RENTAL, LLC,** | |
| **f/k/a Global Keg Rental, LLC,** | **CHAPTER 11** |
| **Debtor.** | |
| _____/ | |

**APPLICATION OF HIJOS DE RIVERA S.A.U. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three (3) days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, Justin M. Luna, Esq., Latham, Luna, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, Florida 32801, jluna@lathamluna.com; and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Hijos de Rivera S.A.U. ("*Creditor*" or "*Hijos*"), a creditor in the above case files its Application for Allowance and Payment of Administrative Expense Claim for Post-Petition Services (the "Motion"), pursuant to Sections 105, 363 and 503(b) of the Bankruptcy Code. Such

{11871784:5}

services were provided to Global Asset Rental, LLC (the "**Debtor**"). In support of this Motion, Hijos respectfully states as follows:

## JURISDICTION AND VENUE

1. On July 23, 2020 ("**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "**Bankruptcy Court**") initiating the above-captioned case.

2. On August 12, 2020, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**").

3. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334(b).

4. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

5. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

6. The statutory basis for the relief requested in this Motion is 11 U.S.C. § 503(b)(1)(A).

## BACKGROUND

7. Prior to the Petition Date, Hijos entered into an Exclusive Distribution Agreement with SABMiller Brands Europe, A.S., ("**SAB**") dated December 19, 2013, which SAB subsequently assigned to Asahi Premium Brands Ltd ("**Asahi**").[1] As part of its marketing of Asahi's products, Hijos paid a refundable deposit for each of the kegs it received in connection with the distribution of Asahi products. Asahi and the Debtor were parties to a Global Keg Asset

---

[1] Copies of the Exclusive Distribution Agreement and the Global Keg Asset Rental Agreement are available upon request.

2

Rental Agreement dated January 1, 2019.  Pursuant to that agreement, Debtor has collected the deposits paid by Hijos.  Debtor has an obligation to return the deposits collected upon Hijos's return of the kegs it received.

8. On October 2, 2020, the Honorable Karen S. Jennemann United States Bankruptcy Judge issued an Order on Debtor's Emergency Motion for the Entry of an Order (1) *Approving Competitive Bidding Procedures for the Sale of Substantially All of the Debtor's Assets*, (2) *Scheduling Dates to Conduct Auction and Sale Hearing, (3) Approving the Form and Manner of Notices,* (4) *Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests,* (5) *Approving Assumption and Assignment Procedures, and (6) Granting Related Relief* (the "**Sale Order**").  The Sale Order necessarily included the kegs in Hijos's possession and any lien or interest of Hijos in the kegs shall attach to the proceeds of any such sale.

9. On October 22, 2020, this Court granted Debtor's *Ore Tenus* Motion and established December 18, 2020, as the bar date for the filing of a motion seeking the allowance and/or payment of administrative expense claims.  Hijos files this Motion to satisfy the bar date filing deadline for asserting administrative claims and to preserve its right to payment of any administrative expenses that may be payable to it.

10. The Debtor is indebted to Hijos for return of deposits owed to Hijos, as a result of kegs returned/to be returned to the Debtor after the Petition Date (the "***Administrative Expense***").  The exact amount of the Administrative Expense has yet to be determined as the kegs are still in the process of being turned over to the Buyer of the Debtor's assets under the Sale Order.

11. At all relevant times, the Creditor has had possession in its facilities in Spain of certain kegs, keg spears, RFID tags, pallets and/or related personal property belonging to the

Debtor (collectively, the "*Collateral*"). Possession of such Collateral entitles the Creditor to a first priority lien on the Collateral up to the value of the Collateral under applicable law. [2] 11 U.S.C. 507(b). Hijos believes that it is entitled to a first priority secured administrative claim in an amount to be determined.[3]

## RELIEF REQUESTED

12. By this Motion, Hijos respectfully requests that the Court enter an Order (i) allowing Hijos a secured administrative expense claim plus interest pursuant to 11 U.S.C. § 503(b)(1)(A) (the "*Hijos Administrative Expense Claim*"), secured in an amount to be determined and (ii) ordering the Debtor to pay the Hijos Administrative Expense Claim upon the liquidation and fixing of Hijos's claim.

## BASIS FOR RELIEF

13. The Bankruptcy Code provides that after notice and a hearing, there shall be allowed administrative expenses, including the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. 503(b)(1(A).

14. Pursuant to §§503(a) and (b) of the Bankruptcy Code, Hijos is entitled to receive refunds of deposits with respect to any and all kegs returned/to be returned to the Debtor after the Petition Date. Section 503(a) and (b) provide as follows:

---

[2] At all relevant time periods, Hijos has had a possessory lien on the Collateral under applicable Spanish law. *See*, *e.g.*, *Public Bankruptcy Registry* (Registro Público Concursal) at www.publicidadconcursal.es (visited on December 17, 2020)(reviewing treatment of possessory liens under Spanish law). Hijos will offer any required proof of such a possessory lien if an objection is raised. Hijos is not aware of any other lien on the Collateral.

[3] Hijos estimates that its administrative claim for return of deposits owed in connection with the Collateral returned or to be returned after Petition Date is approximately $3,640,860. Hijos estimates that the value of the Collateral securing its administrative claim is not less than $2,892,973. Hijos will be prepared to provide evidence supporting the amount of its Administrative Claim and the value of the Collateral following the return of all of the Collateral in its possession and the fixing of its Administrative Claim.

(a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--(1)(A) the actual, necessary costs and expenses of preserving the estate, including--11 U.S.C. §§503(a) and (b).

15. The Debtor's Post-Petition obligation to refund the keg deposits upon the post-petition return of such kegs constitutes actual, necessary costs and expenses of the estate as contemplated by §503(b)(1)(A) of the Bankruptcy Code because the post-petition return of the kegs has allowed the Debtor to sell them to the Buyer for a considerable profit. As such, Hijos's administrative expense claim should be paid in full. *See In re Crystal Apparel, Inc.,* 220 B.R. 816, 830 (Bankr. S.D.N.Y. 1998) (finding that "[t]ransactions in the ordinary course of business of the debtor . . . create expenses of administration"). For a claim to be entitled to administrative priority under §503(b)(1)(A), the debt must arise from a transaction with the debtor-in-possession and the consideration supporting the claimant's right to payment must be beneficial to the debtor-in-possession in the operation of the business. *See In re O'Brien Envt'l Energy, Inc.*, 181 F.3d 527, 533 (3d Cir. 1999).

16. It is also presumed under the Bankruptcy Code that a debtor-in-possession will generally pay its post-petition obligations on a current basis. *See In re Sheehan Memorial Hospital*, 301 B.R. 777, 780 (Bankr. W.D.N.Y. 2003). Accordingly, Hijos is entitled to an allowed claim for administrative expenses in an amount to be determined (following turnover of all the kegs in Hijos's possession), which is entitled to first priority secured status up to the value of the Collateral.

17.  Courts have the discretion to order payment of an allowed administrative claim. "The determination of the timing of payment of administrative expenses is a matter within the discretion of the bankruptcy court." *Varsity Carpet Services, Inc. v. Richardson* (*In re Colortex Industries, Inc.*), 19 F.3d 1371, 1384 (11th Cir.1994).

**NO PRIOR REQUEST**

18.  No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reasons stated herein, Hijos respectfully requests that the Court enter an order, (i) allowing Hijos an administrative expense claim in an amount to be determined and which is entitled to a first priority secured status in the amount to be determined; (ii) ordering the Debtor to pay Hijos's allowed administrative expense claim upon the fixing of Hijos's claim; and (iii) granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED on December 18, 2020.

*/s/ Justin M. Luna*
Justin M. Luna, Esq.
Florida Bar No. 0037131
jluna@lathamluna.com
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**LATHAM, LUNA, EDEN & BEAUDINE, LLP**
Bknotice1@lathamluna.com
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
*Attorneys for Creditor, Hijos de Rivera S.A.U.*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re** | **CASE NO. 6:20-bk-04126-KSJ** |
| **GLOBAL ASSET RENTAL, LLC,** | |
| **f/k/a Global Keg Rental, LLC,** | **CHAPTER 11** |
| **Debtor.** | |
| _____/ | |

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true copy of the foregoing **APPLICATION OF HIJOS DE RIVERA S.A.U. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM** has been furnished to all parties receiving electronic notice via CM/ECF or by U.S. First Class, postage prepaid mail to: **Paul J. Battista, Esq.,** Genovese Joblove & Battista PA, 100 Southeast 2nd Street, 44th Floor, Miami, Florida 33131; **Bradley S. Shraiberg, Esq.**, 2385 NW Executive Center Drive, Suite 300, Boca Raton, FL 33431; all parties listed on the Local Rule 1007-2 Matrix attached to the original of this application; and **Audrey M. Aleskovsky**, United States Trustee, George C. ,Young Federal Building, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801 on this 18th day of December, 2020.

                                                   /s/ Justin M. Luna
                                                   Justin M. Luna, Esq.

```
Label Matrix for local noticing          ASAHI INTERNATIONAL LIMITED              Altstadt Brewing Company
113A-6                                   Lane Elizabeth Roesch, Esq.              6120 E. US Highway 290
Case 6:20-bk-04126-KSJ                   Shuffield Lowman & Wilson, P.A.          Fredericksburg, TX 78624-2176
Middle District of Florida               P.O. Box 1010
Orlando                                  Orlando, FL 32802-1010
Fri Dec 18 14:58:19 EST 2020

Altstadt, LLC dba Altstadt Brewing Company    Beak & Skiff Apple Farms, Inc.     Beak & Skiff Apple Farms, Inc.
c/o Paul A. Giordano                     c/o Peter Bartoszek                      Ilan Markus, Esq.
Roetzel & Andress, LPA                   Wicker Smith O'Hara McCoy & Ford, P.A.   BARCLAY DAMON LLP
2320 First Street, Suite 1000            390 N. Orange Ave. Suite 1000            545 Long Wharf Drive
Fort Myers, Florida 33901-2904           Orlando, FL 32801-1646                   New Haven, Connecticut 06511-5960

Bexar County                             Bexar County                             Bexar County and Dallas County
c/o Don Stecker                          c/o Linebarger Goggan                    DSK LAW GROUP
112 E. Pecan Street, Suite 2200          Blair & Sampson LLP                      609 West Horatio Street
San Antonio, TX 78205-1588               112 E. Pecan St. #2200                   Tampa, Florida 33606-2272
                                         San Antonio, TX 78205-1588

Blefa GmbH and Blefa Kegs, Inc.          Blefa Kegs, Inc.                         Blefa Kegs, Inc.
c/o Craig V. Rasile                      182 Jefferson Pike                       c/o Alexander Brand
McDermott Will & Emery LLP               LaVergne, TN 37086-3107                  Huettenstrasse 43
333 SE 2nd Avenue, Suite 4500                                                     D-57223
Miami, Florida 33131-4336                                                         Kreutztal, Germany

CITY BEVERAGES LLC                       Cascade Engineering, Inc.                China Major Beer Keg Co
C/O MICHAEL S PROVENZALE ESQ             PO Box 888045                            No.626  Jinshan Road
P.O. BOX 2809                            GrandRapids, MI 49588                    Jiangbei District, Ningbo
ORLANDO FL 32802-2809                                                             Zheijang, CHINA

DSI Getrankearmaturen GmbH               DSV Air and Sea, Inc.                    Dallas County
Oerster Kamp 20                          PO Box 200876                            Linebarger Goggan Blair & Sampson, LLP
Hamm                                     Pittsburg, PA 15251-0876                 c/o Elizabeth Weller
GERMANY                                                                           2777 N Stemmons Frwy Ste 1000
59069                                                                             Dallas, Texas 75207-2328

Desoto County, Mississippi               Distrilog Group                          Echo Global Logistics
c/o Ryan Revere                          Koningin Astridlaan 14                   22168 Network Pl
P.O. Box 1586                            Willebroek                               Chicago, IL 60673-1221
Batesville, MS 38606-4086                BELGIUM
                                         2830

Echodog Industries, Inc.                 Entinox                                  Ernst & Young
c/o Bobby L. Moore                       Autov a del Ebro                         PO Box 933514
9350 Bentley Park Circle                 Zaragoza                                 Atlanta, GA 31193-3514
Orlando, FL 32819-5345                   SPAIN
                                         50639

Fulmer Logistics                         Global Beer Network                      HID Global Switzerland SA
122 Gayoso Ave                           c/o Denise Dell Powell, Esq.             c/o Christopher Kirby
Suite 101                                Dean Mead et al                          Route de Pra-Charbon 27
Memphis, TN 38103-2966                   420 S. Orange Avenue, Suite 700          1614 Granges (Veveyse)
                                         Orlando, FL 32801-4911                   Switzerland

Heineken Global Procurement B.V.         Hydra Logistics Services, Inc.           Hydra Warehouse, Inc. aka Hydra Warehousing
c/o Charles M. Greene, Esq.              c/o Alice A. White                       c/o Alice A. White
Charles M. Greene, P.A.                  600 17th St., Ste. 425N                  600 17th St., Ste. 425N
55 East Pine Street                      Denver, CO 80202-5402                    Denver, CO 80202-5402
Orlando, FL 32801-2617
```

| | | |
|---|---|---|
| Hydra Warehouse, Inc., d/b/a Hydra Warehousi<br>c/o Isabel V. Colleran, Ian Kukoff<br>25 SE 2 Ave, Ste 730<br>Miami, FL 33131-1696 | J.J. Taylor Distributing Florida, LLC<br>Nason, Yeager, Gerson, Harris & Fumero,<br>c/0 Ivan J. Reich, Esq.<br>3001 PGA Boulevard, Ste. 305<br>Palm Beach Gardens, FL 33410-2896 | Katoen Natie Italia SRL<br>Via Della Conca, 3<br>Cremona, CR<br>ITALY<br>26100 |
| MM STEEL S.R.L.<br>c/o MORIS & ASSOCIATES<br>3650 NW 82nd Avenue, Suite 401<br>Doral, Florida 33166-6694 | MM Steel SRL<br>c/o Fabio Metrangolo<br>Via Alessandro Volta 2<br>Minervino Murge<br>Bari Italy 76013 | Maisonneuve Kegs<br>59 Rue de la Gare<br>C rences<br>FRANCE<br>50510 |
| Myers-Holum<br>244 Madison Ave<br>Suite 217<br>New York, NY 10016-2817 | NDL Keg Inc.<br>David G Dragich<br>The Dragich Law Firm, PLLC<br>17000 Kercheval Avenue, Suite 210<br>Grosse Pointe, MI 48230-1559 | NDL Keg Qingdao Inc.<br>David G Dragich<br>The Dragich Law Firm, PLLC<br>17000 Kercheval Avenue, Suite 210<br>Grosse Pointe, MI 48230-1559 |
| New Maisonneuve Keg<br>c/o Michael A. Nardella<br>135 West Central Blvd., Suite 300<br>Orlando, FL 32801-2435 | Norton Rose Fulbright US LLP<br>c/o Thomas J. McCormack<br>1301 Avenue of the Americas<br>New York, NY 10019-6022 | Official Committee of Unsecured Creditors<br>c/o Shraiberg, Landau & Page, PA<br>2385 NW Executive Center Dr., #300<br>Boca Raton, FL 33431-8530 |
| Oracle America, Inc.<br>c/o Shawn M. Christianson, Esq.<br>Buchalter, a Professional Corporation<br>55 2nd St., 17th Fl.<br>San Francisco, CA 94105-3493 | Pioneer Warehousing &<br>Distribution LLC<br>7640 Edgecomb Dr<br>Liverpool, NY 13088-3546 | Plasticos Technicos Mexicanos<br>S.A. DE C.V.<br>c/o Maricio Adrian Garza Gonzalez<br>Carretera Mexico Tequisquiapan KM3<br>Zona Ind. Velle de Oro, Mexico 76803 |
| Plasticos Tecnicos Mexicanos<br>5BIS, Paseo Central<br>Valle de Oro<br>MEXICO<br>76803 | Schaefer Container<br>c/o Richard Winslow<br>Suite D<br>Atlanta Ga 30336 | Schaefer Container Systems<br>5275 Westgate Dr.<br>Suite D<br>Atlanta, GA 30336-2432 |
| Schaefer Container Systems of North America,<br>c/o Brian P. Hall, Esq.<br>Smith, Gambrell & Russell, LLP<br>1230 Peachtree Street NE, Suite 3100<br>Atlanta, GA 30309-3592 | Schafer-Sudex s.r.o.<br>Podol  5<br>Ledec nad S zavou<br>Ledec, GERMANY<br>CZ-58401 | Supermonte Group Italy, Inc.<br>Via per Carmiano<br>Leverano<br>LE, ITALY<br>73045 |
| Supermonte Group Italy, Inc.<br>c/o Beighley Myrick Udell & Lynne PA<br>2385 Executive Center Drive, Suite 250<br>Boca Raton, FL 33431-8511 | The Lagunitis Brewing Co<br>c/o Charles M. Greene, Esq.<br>55 East Pine St.<br>Orlando, FL 32801-2617 | Thielmann Portinox<br>Carretera Pulianas<br>km 6, Pulianas<br>SPAIN<br>18197 |
| Thielmann Portinox Spain, S.A<br>c/o Ari Newman, Esq.<br>333 S.E. 2nd Avenue, Suite 4400<br>Miami, Florida 33131-2184 | Truist Bank<br>c/o Eric S. Golden, Esquire<br>200 S Orange Avenue<br>Suite 800<br>Orlando, FL 32801-6404 | White Oak Global Advisors, LLC<br>c/o Elizabeth A. Green<br>200 South Orange Ave., Suite 2300<br>Orlando, FL 32801-3455 |
| White Oak Global Advisors, LLC<br>c/o Tiffany Payne Geyer<br>200 South Orange Ave., Suite 2300<br>Orlando, FL 32801-3455 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Asahi - Europe Brands Korea<br>5FL Twin Bldg<br>244 Itaewon-ro<br>Yongsan-gu<br>Seoul,  04400 | (d)Bexar County<br>c/o Linebarger Goggan<br>Blair & Sampson LLP<br>112 E. Pecan St. #2200<br>San Antonio, TX 78205-1588 | (d)NDL Keg, LLC<br>David G Dragich<br>The Dragich Law Firm, PLLC<br>17000 Kercheval Avenue, Suite 210<br>Grosse Pointe, MI 48230-1559 |

End of Label Matrix
Mailable recipients    57
Bypassed recipients     3
Total                  60